## PIPPEN v. BOARD OF COMMISSIONERS OF OKMULGEE COUNTY.

No. 13219—Opinion Filed Oct. 3, 1922.

(Syllabus.)

1. **Highways—Establishment by Board of Commissioners—Statutory and Constitutional Construction.**

Section 1, c. 42, Session Laws 1919, amendatory of section 7553, Revised Laws 1910, authorizes the board of county commissioners of the respective counties in the state of Oklahoma, upon the petition of the resident freeholders of a township, to open and establish any public road in such township, and said board of county commissioners are authorized to determine the public necessity for such road in any manner they deem proper, and where the right of way for such road cannot be secured by amicable settlement from the owner of the land over which such road has been established, the board of county commissioners may institute condemnation proceedings to condemn such right of way as provided by law. The order of the board of county commissioners establishing a highway under the authority of said act and declaring a public necessity therefor does not have the effect of authorizing the board of county commissioners to enter upon the private lands of any citizen over which such right of way has been established until such right of way has been secured by amicable settlement or by condemnation proceedings, as provided by law, and such act is not violative of section 7, art. 2, of the Constitution. providing: "No person shall be deprived of life. liberty or property without due process of law."

2. **Injunction— Courts— Jurisdiction— Adequate Remedy at Law.**

Where it appears from the record that the plaintiff instituted an action in the district court against the defendant, board of county commissioners, to restrain the defendant from entering upon and building a public road across the lands of the plaintiff. that prior to the institution of the action by the plaintiff to restrain the defendant. the defendant had instituted an action in the superior court. a court of co-ordinate jurisdiction with that of the district court, to condemn the lands of the plaintiff, as provided by the Constitution and applicable statutes, held, that the district court did not err upon the hearing of a motion filed by the defendant in the injunction action in vacating the temporary re

straining order issued and dismissing the petition of the plaintiff; that the Superior court had jurisdiction to protect any right or defense available to the plaintiff against the condemnation of his land, and such plaintiff having a speedy and adequate remedy at law, the action for the injunction was properly dismissed.

Error from District Court, Okmulgee County; Lucien B. Wright, Judge.

Action by John W. Pippin against the Board of County Commissioners of Okmulgee County, in the District Court of Okmulgee County for injunction. On motion of the defendant, temporary restraining order issued, vacated and the petition of the plaintiff dismissed, and plaintiff brings error. Affirmed.

Charles E. Barrett, for plaintiff in error.

James Hepburn, Co. Atty. of Okmulgee County, J. D. Williams, Deputy Co. Atty., and Lydick, Hood & Freeling, for defendant in error.

KENNAMER, J. John W. Pippin, plaintiff, commenced this action in the district court of Okmulgee county on the 10th day of March, 1922, against the board of county commissioners of Okmulgee county, defendant, to enjoin the defendant from entering upon building a public road across certain lands of the plaintiff. The plaintiff presented his petition to Honorable Lucien B. Wright, acting district judge in Okmulgee county, on the 11th day of March, 1922, and upon consideration thereof by said judge a temporary restraining order was issued restraining the defendant from entering upon the lands of the plaintiff for the purpose of constructing a public highway.

On the 20th day of March, 1922, the defendant, board of county commissioners of Okmulgee county, filed a motion to dissolve the temporary restraining order issued, upon the ground that the issues involved in the action and the relief sought had already been adjudicated by the court. On the 22nd day of March, 1922, the defendant filed motion to dissolve temporary restraining order and dismiss the action of the plaintiff for the following reasons, to wit: That on the 27th day of July, 1921, the defendant had instituted in the superior court of Okmulgee county, Henryetta division. an action to condemn a right of way over the lands of the plaintiff described in his petition filed in this action. That on the 6th day of August. 1921. John W. Pippin, the defendant in said condemnation action, filed a demurrer to the petition filed in the condemnation action and the demurrer was overruled by the superior court on September 24, 1921, and appraisers ap-

pointed by the court to appraise the lands sought to be condemned. That on September 26, 1921, John W. Pippin filed in the Supreme Court of the state of Oklahoma an application for a writ of prohibition, by which he sought to prohibit the board of county commissioners of Okmulgee county and H. R. Christopher, judge of the superior court of said county, from further proceeding with the condemnation action. That on January 31, 1922, after a hearing upon the issues made on the application for writ of prohibition, the Supreme Court denied the writ of prohibition as prayed for in the action. On February 3, 1922, the petition of John W. Pippin for a rehearing on the application for writ of prohibition was denied. The motion of the defendant prayed the judgment of the court dissolving the restraining order and the action be dismissed.

Thereafter, on the 23rd day of March, 1922, the cause came on for hearing before the court, and after the introduction of the court proceedings in the condemnation action filed in the superior court and the proceedings in the original action for the writ of prohibition filed in the Supreme Court, the court entered judgment dissolving the temporary restraining order issued and dismissing the petition of the plaintiff.

The plaintiff prosecutes this appeal to reverse the judgment of the trial court dissolving the temporary restraining order and dismissing his action.

Counsel for the plaintiff has not, as required by rule 26 of this court, set out in his brief any specifications of error, and the appeal should be dismissed, but, inasmuch as counsel only complains that the plaintiff is being deprived of his property without due process of law by the defendant in attempting to establish a road across the plaintiff's lands, we will consider his proposition upon the merits. According to the statements of counsel for plaintiff in his brief, the defendant, board of county commissioners of Okmulgee county, on the 31st day of May, 1921, passed a resolution authorizing the opening of a highway five and three-fourths miles long, extending in a southwesterly direction from the southern line of the city of Henryetta, and authorizing the county attorney of Okmulgee county to begin condemnation proceedings to obtain such right of way as was necessary to open up the road. This resolution was passed pursuant to a petition signed as required by law by certain resident freeholders. Thereafter, on July 27, 1921, the county attorney of Okmulgee county instituted the condemnation proceedings herein referred to in the superior court of Okmulgee county against John W. Pippin for the purpose of condemning a small tract of his land over which the road had been located.

No serious question is raised as to the jurisdiction of the superior court over such an action, but counsel for the plaintiff appears to be laboring under the impression that chapter 42, Session Laws 1919, amendatory of section 7553, Revised Laws 1910, is unconstitutional for the reason that the action of the county commissioners in determining the necessity for the highway petitioned to be opened constituted a taking of the property of the plaintiff, and as no provision is made for giving the plaintiff notice of such determination of the necessity of such highway, that such action on the part of the board of county commissioners constitutes a taking of the plaintiff's property without due process of law. The determination of the public necessity for such highway by the board of county commissioners in no way constitutes a taking of the plaintiff's property; such action on the part of the board of county commissioners in determining the necessity for a public road in no way authorizes any person to enter upon the lands of the plaintiff. The resolution passed by the board of county commissioners directing the county attorney to bring proper action for the condemnation of the land of the plaintiff is merely the preliminary step on the part of the board of commissioners looking to the condemnation of such lands as are necessary to secure a right of way for the road in a proper action in a court of competent jurisdiction.

Counsel insist that, under section 24, art. 2, of the Constitution, in cases of condemnation of private property for public or private use the determination of the character of the use should be a judicial question. This court in the case of Arthur v. Board of County Commissioners of Choctaw County et al., 43 Okla. 174, 141 Pac. 1, construed the above language found in the Constitution, in which it was specifically held that nearly all of the cases hold that the question of necessity is distinct from the question of public use and the question of necessity is exclusively for the Legislature. The opinion in part is as follows:

"Section 32, Williams' Ann. Const., supra, makes a 'determination of the character of the use' a judicial question, that is, whether the use is public or private, and that question may be litigated in condemnation proceedings, as provided by said section, and also article 13, c. 15, and chapter 30, Rev. Laws 1910.

supra; but there is no better example of a public use than that of the ordinary highway, where the easement or right of way vests in the public for the common and equal use of all, and the fact that eminent domain is exercised to establish a public road which leads to a ferry, and the ferry may be operated by an individual who will derive some private gain therefrom, does not deprive such highway of its public character."

The plaintiff in this case, by filing proper answer in the condemnation proceedings instituted in the superior court, may have adjudicated the question as to the use for which the land was sought to be condemned, whether public or private, but, as was pointed out by the court in Arthur v. Board of County Commissioners, supra, we are unable to conceive what better example of public use could be suggested for the condemnation of land than the condemning of it for an ordinary public road dedicated to the common use of the public.

We have no fault to find with the doctrine announced in Scott v. McNeal, 154 U. S. 45, that under the 14th Amendment of the Constitution of the United States "nor shall any state deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

Section 24, article 2, of the Constitution of Oklahoma places a limitation upon the sovereign power of the state to condemn or to take private property for public use without just compensation, such compensation to be ascertained by a board of commissioners of not less than three freeholders in such manner as may be prescribed by law. The commissioners should not be appointed by any judge of any court until the owner of the property sought to be condemned is given reasonable notice. The party whose land is sought to be condemned, if not satisfied with the value placed upon the property by the commissioners, has the right of a trial by jury, and until the compensation found to be due the owner of the property is paid into court, the property should not be disturbed.

It appears from the record in this case that a proper action for the condemnation of the plaintiff's property was instituted in the superior court of Okmulgee county, that the plaintiff entered his appearance in the action, and that the court is vested with jurisdiction to protect the plaintiff in all of his constitutional rights, and should the court commit any error prejudicial to the rights of the plaintiff, he has the right to appeal to the Supreme Court of this state and have the proceedings of the court reviewed.

It appears from the statement of counsel in his brief filed on behalf of the plaintiff in error that the condemnation action instituted by the county attorney of Okmulgee county against Pippin for the condemnation of the lands in controversy is still pending and that no final judgment has been entered in said action. If this be true, the superior court having jurisdiction of such action and the parties ,the plaintiff, Pippin, in this action may present any defense he has in the action pending in the superior court against the condemnation of his lands. It is the duty of a party to an action to plead all of the material facts that constitute his claim or defense, and a failure to do so cannot be made the basis of another action. Duncan et al. v. Deming Investment Co., 54 Okla. 680. 154 Pac. 651.

The rule has been recently announced by this court that where courts of co-ordinate jurisdiction acquire jurisdiction of an action between the same parties. the court first acquiring jurisdiction is held to be the proper court to dispose of the action. Cromwell v Hamilton, 87 Okla. 66, 209 Pac. 395:

The record in the instant case shows that the board of county commissioners of Okmulgee county, in a proper action filed in the superior court, is proceeding to condemn the lands of the plaintiff. as authorized by the Constitution and statutes of this state, and it being apparent that the plaintiff by properly defending said action has a speedy and adequate remedy at law for the protection of all his rights. the injunction action instituted was by the trial court properly dismissed. Therefore, the judgment of the trial court dismissing the action of the plaintiff is affirmed.

HARRISON, C. J., and JOHNSON, MILLER, and NICHOLSON, JJ.. concur.

MILLER, J. (concurring). I concur in this opinion.

The board of county commissioners under section 1, c. 42, Session Laws of 1919, which amends section 7553, Revised Laws of Oklahoma, 1910, have the authority to determine the necessity for opening the proposed road or highway. In granting this authority it is presupposed that the board of county commissioners in the exercise thereof will act fairly, and not in an arbitrary manner. If the action of the board of county commissioners is arbitrary, resort may be had to the courts to correct the abuse of the authority. Not that the court may review

every action of the board of county commissioners to determine whether or not a necessity for such road, exists, but the scope of its inquiry would be limited to determine whether or not the board acted arbitrarily.

From its very nature the legislative power cannot be defined by any precise lines of limitation. As civilization advances, the population increases, and the science of government progresses, some degree of elasticity is required to meet new conditions and protect the public interests as distinguished from the individual under the constantly changing conditions and increasing necessities of society. As was said in Olmstead v. Camp, 33 Conn. 532:

"The sole dependance must be on the presumed wisdom of the sovereign authority, supervised. and in cases of gross error or extreme wrong, controlled, by the dispassionate judgment of the courts."