## ROWELL v. CITY OF LAWTON et al.

No. 19656.   Opinion Filed April 8, 1930.

Rehearing Denied May 27, 1930.

Stevens & Cline, for plaintiff in error.

Owen Black, Ray & Thomas, L. M. Gensman, Burton & Simpson, and J. T. Johnson, for defendants in error.

LESTER, V. C. J. The city of Lawton, Okla., filed in the district court of Comanche county its petition for the condemnation of certain lands alleged to belong to the plaintiff, Rowell, and that certain other parties had an interest therein, and that said lands were needed by the city for public purposes in connection with the city waterworks.

The petition set forth that the value of the land did not exceed the sum of $3,000, and prayed that the court appoint appraisers and assess the damages for its appropriation by the city.

Various pleadings were filed by the owners, including a petition for removal of the cause to the federal court. The district court granted the petition for removal, and thereafter the federal court remanded the cause to the state court.

Thereafter the city of Lawton amended its petition, dismissed as to the deceased widow of G. P. Rowell, and thereafter G. P. Rowell filed another petition for removal to the federal court, which petition was by the district court denied.

The matter came on for hearing before the district court of Comanche county, and that court found that the land was subject to condemnation by the city and that appraisers should be appointed to fix the amount of damages that would inure to the owners.

From this judgment, G. P. Rowell presents an appeal to this court.

There are two major questions here for consideration, to wit: First, should the second petition for removal have been sustained by the district court? Second, did the city of Lawton make a sufficient showing in order to justify the district court in finding that the said land was subject to condemnation for public purposes as provided by law?

We have carefully examined the plaintiff in error's brief and the record, and we fail to find wherein the plaintiff was entitled to the second removal of the cause to the federal court; neither do we agree that the amendment to the city's petition created a new and additional cause of action against Rowell.

The second proposition is whether the lands were needed by the city. The testimony of H. J. Darsey was that he was a sanitary engineer; that he was familiar with the tract of land involved in this action; that the city water was in grave danger of pollution unless the city owned and controlled the land in question so that the city might protect the water which was being furnished to the people of Lawton by the city from pollution.

In the case of City of Tulsa v. Williams, 100 Okla. 116, 227 Pac. 876, this court in its second paragraph of the syllabus said:

"Where a municipal corporation seeks to create a waterworks plant and water reservoir outside of its corporate limits, it has a right, under the law of eminent domain, to condemn such land as shall be submerged by its reservoir up to the high water line; and also has the right to condemn such margin of land above the high water line of its reservoir as may be needed, where the perpetual use and absolute control thereof is required, to protect its water supply from pollution and for policing and patrolling the shore of its reservoir; but how much margin above the high water line should be taken for such purpose is a judicial question to be determined by the court upon evidence of the necessity."

We think the judgment of the district court is without substantial error, and the same is, therefore, affirmed.

HUNT, CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

Note.—See "Eminent Domain," 20 C. J. §55, p. 574, n. 98; §116, p. 636, n. 32.