**WRIGHTSMAN et al. v. SOUTHWESTERN NATURAL GAS CO.**

No. 22825.     June 25, 1935.

Christy Russell, for plaintiffs in error.

Gibson, Maxey & Holleman, for defendant in error.

BUSBY, J. This is a condemnation proceeding commenced in Tulsa county by the Southwestern Natural Gas Company, as plaintiff and condemnor, against Edna Wrightsman and C. J. Wrightsman, as defendants. The plaintiff seeks to acquire by condemnation a pipe line right-of-way easement across a tract of land owned by the defendants.

On the 28th day of March, 1931, the plaintiff presented to the Honorable Harry L. S. Halley, one of the district judges of Tulsa county, its application or petition for the appointment of condemnation commissioners. This application was styled "first amended petition for condemnation and application for the appointment of condemnation commissioners." At the same time the defendants appeared for the purpose of resisting the application and seeking affirmative relief against the plaintiff. The nature of the affirmative relief sought will be more fully discussed in the subsequent portions of this opinion. The defendants presented a written "objection to the appointment of commissioners, answer and cross-petition," together with an amendment thereto which was styled "objections to appointment of commissioners, answer to amended petition and amendment to cross-petition."

As indicated by the style of the pleadings presented by the respective parties to this controversy, there had been some changes and amendments to the pleadings before the day on which they were presented. The fact that the pleadings were amended is not material to the problems which confront us in this appeal, and a detailed discussion of the original form of the pleadings and the subsequent amendments thereto will be omitted from this opinion.

No evidence was introduced in the proceedings below, and we must therefore determine the contentions of the respective parties by reference to the pleadings.

The plaintiff asserts, in substance, that as a public service corporation engaged in the business of producing, transmitting, and selling gas it has been granted the power to exercise the right of eminent domain, and that it has located and installed upon and across the property of the defendants a pipe line and telephone line for the conduct of its business.

Plaintiff further states that it has en-

deavored to secure by agreement and been refused a suitable easement or right of way across the defendants' land; that the defendants have offered to it a right-of-way agreement containing restrictive provisions prohibiting the construction of a telephone line or other structure above the ground and providing for a termination of the easement at the option of the defendants. The plaintiff asserts these restrictive provisions are inconsistent with the proper use of a right of way such as should be acquired by it to properly conduct its business.

The plaintiff also alleges that the right-of-way conveyance offered by the defendants does not cover the right of way now occupied by it due to a change in the plan of location and that the pipe line is actually located 20 rods from the location described in the purported right-of-way conveyance. It further offers to release the defendants from any obligations under said conveyance and tenders the same back to the defendants. Plaintiff then seeks to acquire the right of way now occupied by it and determine the amount of compensation to be paid therefor in the manner provided by statute.

The defendants, on the other hand, deny that they have refused to grant a right of way. On the contrary, they assert that such a right of way was in fact granted, and that the same was accepted by the plaintiff. That the description as contained in the conveyance was only intended as an approximation and that it was contemplated by the parties that it should cover the right of way now being occupied by the plaintiff notwithstanding the fact that such right of way is not on the precise location described in the instrument. The defendants contend that the plaintiff is bound by the restrictive provisions contained in the conveyance. They say that the plaintiff should be prevented from maintaining the condemnation proceeding and should be compelled to remove its telephone line from above the surface of the land and enjoined from further maintaining the same. Thus they seek to dismiss the condemnation proceedings and obtain specific performance of the restrictive provisions contained in the conveyance.

From the foregoing review of the pleadings it is apparent that issues of both fact and law are undertaken to be presented thereby. Did the plaintiff endeavor to obtain by amicable agreement and was it refused the right of way which it now seeks to acquire by eminent domain? Is such an attempt and refusal a condition precedent to the maintenance of condemnation proceedings? If it is a condition precedent, can it be excused if it is apparent that there would have been a refusal had such an attempt been made? Does the position taken by the defendants in their pleadings make it apparent that such an attempt would have been futile? Was the right-of-way conveyance with the restrictive provisions contained therein accepted by the plaintiff? If it was accepted, did it cover the right of way now occupied by the plaintiff? If it was accepted and does cover such right of way, are the restrictive provisions, or either of them, void as an attempt to alienate or surrender the right of eminent domain? If the right-of-way agreement was accepted, but did not cover the right of way now occupied, can the plaintiff acquire by eminent domain the substituted right of way free from the restrictive provision agreed upon in connection with the right of way not used, by tendering back the conveyance and the rights, if any, acquired thereunder? Can the specific performance of a contract be sought in a condemnation suit, especially if the condemnation proceedings should be dismissed?

Obviously some of the questions of law above mentioned would be eliminated if the questions of fact involved were decided. In other words, the questions of law necessary to be decided in determining this case depend to some extent upon the correct answer to the questions of fact. Since no testimony was taken in the proceedings below, no answers to the questions of fact appear in the record.

The trial judge refused to permit the introduction of evidence. He overruled the objection of the defendants to the appointment of commissioners, refused to dismiss the condemnation proceedings, and entered an order appointing commissioners. The defendants demanded that some action be taken with reference to that portion of their pleading (which was not separated from the remainder of their pleading) styled by them as cross-petition. In view of the manner in which their pleading was drawn, this cannot be interpreted as anything other than a demand that the judge determine whether they could seek specific performance of the restrictive provisions of the conveyance in this, a condemnation proceeding. Upon the demand of the defendants that some action be taken in this respect, the trial judge entered an order dismissing the cross-petition.

The defendants bring the case to this court on appeal from the order of the judge appointing commissioners over their objection and the order dismissing the cross-petition. We shall continue to refer to the parties in this opinion in the order of their appearance before the district judge.

Although the two orders as above referred to are, in effect, separate and distinct, they are embodied in the same journal entry. The difference in their nature requires, however, that they be treated separately in this opinion.

We are confronted at the outset with a question which relates to our jurisdiction to review the proceedings and determine the question of substantive law presented by this appeal. The plaintiff urges that the appeal should be dismissed on the theory that the orders involved are interlocutory and nonappealable as distinguished from final and appealable orders, and that therefore no appeal will lie. By reason of the difference in the nature of the orders involved, we shall first discuss the jurisdictional question as it relates to the order appointing commissioners, deferring, for the present, our treatment of this question in connection with the order dismissing the cross-petition.

It is impossible to decide intelligently the question presented without considering to a limited extent other procedural questions which are so closely related that they force themselves into our discussion. At what stage in the condemnation proceedings should questions relating to the right to condemn be finally decided is one of the related questions which must be considered. In referring to such related questions we shall proceed into no greater detail than is essential to the demands of accuracy in the conclusions announced.

In this state, as elsewhere, the procedure in condemnation cases is regulated by statute. The statutes have to a certain extent been supplemented by the previous decisions of this court. The decisions of other courts are of value only when the point decided is connected with the interpretation of a statute similar to our own, or when they announce some fundamental principle of law generally applicable to such cases.

Section 24 of article 2 of our Constitution provides in part:

"Private property shall not be taken or damaged for public use without just compensation. Such compensation, irrespective of any benefit from any improvements proposed, shall be ascertained by a board of commissioners of not less than three freeholders, in such manner as may be prescribed by law. The commissioners shall not be appointed by any judge or court without reasonable notice having been served upon all parties in interest. The commissioners shall be selected from the regular jury list of names prepared and made as the Legislature shall provide. * * *"

By section 11935, O. S. 1931, the procedural provisions regulating the condemnation of land by railways are made applicable to all corporations having the right of eminent domain, and by section 10058 such procedure is specifically made applicable to corporations furnishing light, heat, or power by gas. The procedural provisions referred to are contained in sections 11931 to 11934, inclusive, O. S. 1931. Section 11931 provides for the appointment of commissioners by the district judge (not the district court), on application of either party after notice to his adversary. It authorizes the commissioners to inspect the property sought to be condemned and assess the damages. It provides that they shall make a report in writing and file the same with the court clerk. It then authorizes the condemnor to enter into possession of the land upon payment to the court clerk for the use of the landowner the amount of compensation as fixed by the commissioners.

This is the only section of the statute referring to the procedure in condemnation cases prior to the time the commissioners have completed and filed their report.

In connection with the application of this section of the statute to the case at bar, questions relating to the acquisition of land under the power of eminent domain are broadly divided into two classes: First, those relating to the right to condemn or maintain the condemnation proceedings; second, those relating to the compensation for the land taken. The questions of substantive law presented in this case fall within the former class and have no direct connection with questions relating to the determination of the amount of compensation.

An examination of section 11931, supra, discloses that, while it is the only section of the act relating to procedure prior to the time the condemnor is authorized to go into possession of the land, it contains no provision whatever authorizing an appeal from an order of the judge appointing commissioners. It does not even contain a provision suggesting that the district judge may inquire into or pass upon questions relat-

ing to the right to condemn at this stage of the procedure.

In considering the effect of this section (11931, supra) of the statute it must be remembered that the procedure authorized thereby is before the district judge, as distinguished from the district court. There is a well-defined distinction between the judge of a court and the court over which he presides. Unquestionably the Legislature had this distinction in mind in adopting the foregoing statutory provision. District courts operate on the basis of terms, and between terms there may be an interim during which the court, not being in session, is powerless to act. The operation of businesses which exercise the right of eminent domain often demands prompt action, even though the courts be in vacation, and it is evident that the power to act in the early stages of condemnation proceedings was lodged in the district judge to meet such needs.

The Supreme Court of North Carolina in construing similar language appearing in a statute of that state so held. American Union Telegraph Co. v. Wilmington, Columbia & Augusta R. R. Co., 83 N. C. 420.

But should the district judge be vested by judicial construction with the power to finally decide questions relating to the right to condemn before the proceedings come before the court proper? It would seem more consistent with the gravity of such questions and orderly procedure in judicial matters that their final determination await the action of the court proper. But the question immediately arises, would such delay be consistent with the proper protection of the rights of the landowner? Manifestly, cases might arise where possession by the condemnor would be tantamount to destruction as far as the landowner is concerned. In such cases denial of a tribunal in which to test the right to condemn prior to possession would be a denial of equal protection of the laws. If the decision on such question should be delayed, at what stage of the proceedings should they be finally determined? How and upon what theory of procedure may the landowner's rights be protected in the interim? When and under what statute may an appeal be taken?

These questions require an examination of the remaining statutory provisions relating to condemnation procedure. Section 11932, O. S. 1931, provides:

"When possession is taken of property condemned, as provided herein, the owner shall be entitled to the immediate receipt of the compensation awarded, without prejudice to the right of either party to prosecute further proceedings for the judicial determination of the sufficiency or insufficiency of said compensation."

Section 11933 reads:

"The report of the commissioners may be reviewed by the district court, on written exceptions filed by either party, in the clerk's office within sixty days after the filing of such report; and the court shall make such order therein as right and justice may require, either by confirmation, rejection or by ordering a new appraisement on good cause shown; or either party may, within thirty days after the filing of such report, file with the clerk a written demand for a trial by jury; in which case the amount of damages shall be assessed by a jury, and the trial shall be conducted and judgment entered in the same manner as civil actions in the district court. If the party demanding such trial does not recover a verdict more favorable to him than the assessment of the commissioners, all costs in the district court may be taxed against him."

Section 11934 states in part:

"Either party aggrieved may appeal from the decision of the district court to the Supreme Court; but such review or appeal shall not delay the prosecution of the work on such railroad over the premises in question, if such corporation shall first have paid to the owner of said real property, or deposited with the said clerk for said owner, the amount so assessed by said commissioners or district court; and in no case shall said corporation be liable for the costs on such review or appeal, unless the owner of such real property shall be adjudged entitled, upon either review or appeal, to a greater amount of damages than was awarded by said commissioners. The corporation shall in all cases pay the costs and expenses of the first assessment."

By the provisions of the statute above quoted the earliest time at which any question may be presented to the court proper as distinguished from the judge thereof is upon objections filed by either party to the report of the commissioners or upon a written demand for jury trial. Section 11933, supra.

Again we are confronted with the absence of any specific provision definitely authorizing the determination of questions relating to the right to condemn unless we consider the authority of the court, upon objection to the report of commissioners, to "make such order therein as right and justice may require either by confirmation, re-

jection, or by ordering a new assessment on good cause shown" (section 11933, supra), is sufficiently broad to confer the power to decide such questions. This construction, while logical when we confine our attention to the language just quoted, is not free from difficulty when we consider the language in view of the other related statutory provisions. In the first place, the statute (section 11933) provides in the alternative that a party may either object to the report of commissioners or file a written request for a jury trial on the question of the amount of damages. It does not suggest that he may do both. Certainly, if the objection to the report of commissioners contemplates a judicial inquiry into questions relating to the right to condemn, the judicial consideration of such question should not preclude the right of the party making the objection to a determination by a jury of the amount of compensation in the event of an adverse decision on questions relating to the right to condemn. This objection may be overcome by giving to the word "or," as it appears in section 11933, supra, a conjunctive as well as an alternative meaning. Such a change in language may be accomplished by judicial interpretation when essential to carry out the legislative intent. Oklahoma Natural Gas Co. v. Corporation Commission, 90 Okla. 84, 216 P. 917; State ex rel. v. Hooker, 22 Okla. 712, 98 P. 964. But the removal of this objection does not clear the way for the suggested interpretation.

Another objection to construing the provisions of section 11933, supra, to authorize a determination of questions relating to the right to condemn arises from section 11934, supra. The language appearing at the beginning of that section indicates that an appeal may be taken from a decision made under authority of section 11933, supra. However, with further reference to the appeal, the section (11934) provides that the condemnor shall not be adjudged liable for costs unless there be an increase in the amount of compensation. Certainly the assessment of costs should not depend upon the amount of compensation in an appeal which does not involve the amount of compensation. By implication the statute thus provides that it relates only to appeals in cases when the issue is the amount of the compensation.

The same implication obtains in connection with the review by the district court of the report of commissioners, since the same statute (section 11934) contains the same provision with reference to review. A study of the history of these statutes makes it obvious that the word "review," as used in section 11934, refers back to the review by the district court authorized by section 11933, for the reason that these statutes were originally combined in one section, and were first separated by the revisors in preparing the 1910 Code. See section 3000; Dak Comp. Laws 1887; section 28, art. 9, chap. 17, Stats. of Okla. 1893; chapter 20, S. L. 1907-8; sections 1400, 1402, and 1403, Rev. Laws 1910. The history of statutory enactments prior to a Code revision is a proper subject of consideration in determining the meaning thereof. Ramsey v. Leeper, 168 Okla. 43, 31 P. (2d) 852.

Condemnation procedure in this state is thus governed by statutes which, under a logical interpretation, contain no provision authorizing a determination of questions relating to the right to condemn. Under such statutes the orthodox rule prevailing with practical unanimity in other states is that the remedy of the landowner is to seek injunctive relief in an independent action. See 20 C. J. 1167, and cases therein cited in support of the text.

If the question were one of first impression in this jurisdiction, the persuasive influence of decisions from other states might lead us to follow the general rule established in those jurisdictions by holding that the exclusive and proper method of procuring a judicial review of questions relating to the right to condemn is by instituting an independent action for injunctive relief. However, the question of whether injunctive relief is appropriate has previously been passed upon by this court. In the case of Pippen v. Board of Com'rs of Okmulgee County, 87 Okla. 177, 209 P. 929, we held in substance that the proper proceeding in which to test questions relating to the right to condemn is in the condemnation proceeding. Since the decision in that case we have in a number of other cases reviewed the class of questions here presented when such questions were presented in condemnation proceedings. See Bilby et al. v. District Court of Ninth Judicial District et al., 159 Okla. 268, 15 P. (2d) 38; Rowell v. City of Lawton et al., 143 Okla. 203, 288 P. 344; City of Tulsa v. Williams et al., 100 Okla. 116, 227 P. 876; State ex rel. Dabney, Atty. Gen., v. Johnson, Judge, 122 Okla. 241, 254 P. 61.

However, we did not in any of the cases cited, supra, decide at what stage of the proceedings questions relating to the right to condemn should be finally determined, nor have we determined specifically when an appeal will lie from such decision. Since we have by judicial interpretation and acquies-

cence made such questions triable in the condemnation proceeding, we must by judicial construction determine the proper point in, the proceedings for the determination of such questions as well as the order or orders from which an appeal may be taken.

It is the prevailing rule in connection with condemnation proceedings that all questions other than those relating to the amount of compensation should (if triable in the condemnation proceedings) be finally determined prior to the final determination of the award for compensation and damages. Wood v. Syracuse School Dist. No. 1, 108 Kan. 1, 193 P. 1049; Northern Pac. Ry. Co. v. McAdow, 44 Mont. 547, 121 P. 473; Williams v. Board of Com'rs of Routt County, 48 Colo. 541, 111 P. 71; Colorado Fuel & Iron Co. v. Four Mile Ry. Co., 29 Colo. 90, 66 P. 902; Thompson v. DeWeese-Dye Ditch & Reservoir Co., 25 Colo. 243, 53 P. 507; Portneuf Irr. Co., Ltd., v. Budge, 16 Idaho, 116, 18 Ann. Cas. 674, 100 P. 1046; Goldfield Consol. Milling & Transp. Co. v. Old Sandstorm Annex Gold Min. Co., 38 Nev. 426, 150 P. 313; Monetaire Min. Co. v. Columbus Rexall Consol. Mines Co., 53 Utah, 413, 174 P. 172; Ketchum Coal Co. v. Pleasant Valley Coal Co., 50 Utah, 395, 168 P. 86; Ketchum Coal Co. v. District Court, 48 Utah, 342. 159 P. 737; Seattle, P. A. & L. C. Ry. v. Land, 81 Wash. 206, 142 P. 680.

While the foregoing cases are based upon statutes which differ in many respects from our own, the principle therein announced appeals to us as sound and consistent with the procedure which by judicial approval and acquiescence has been pursued in this jurisdiction. State Highway Commission v. Smith, 146 Okla. 243, 293 P. 1002; Bilby et al. v. District Court of Ninth Judicial District et al., supra; Rowell v. City of Lawton et al., supra; City of Tulsa v. Williams et al., supra. Logical and orderly procedure demands that such questions be considered and determined first. But at what stage of the procedure? The gravity and importance of the questions that may arise would seem to call for their final determination by the court rather than the district judge as distinguished from the court. We so hold. It follows, then, that the final determination of such questions should be made after the matter is brought before the court proper by objection to the report of commissioners. In arriving at this conclusion we are governed more by the necessity of recognizing an appropriate tribunal to exercise the judicial power contemplated than by the peculiar wording of our statute governing condemnation procedure.

As applied to this case, it follows that the order of the district judge overruling the objection to the appointment of commissioners and entering an order appoint'ng the same did not constitute a final determination of the questions relating to the right to condemn or the right to maintain the condemnation proceedings in this case by reason of the alleged noncompliance with the asserted condition precedent (effort to obtain the right of way sought by amicable settlement). Those questions may and should be finally determined in this action when the matter is brought before the district court proper, as distinguished from its judge.

In Suzanne Luxton v. North River Bridge Co., 147 U. S. 337, 13 S. C. 357, 37 L. Ed. 194, it was held by the Supreme Court of the United States, in construing a federal statute relating to condemnation procedure, that an order appointing commissioners was not a final judgment from which a writ of error would lie.

In the case of City of Eufaula v. Ahrens et al.. 58 Okla. 180, 159 P. 327, this court decided that an order setting aside a report of commissioners and directing a new appraisement is not a final order and therefore not appealable. See, also, American Union Telegraph Co. v. Wilmington, Columbia & Augusta R. R. Co., supra; Holley Shiller Ry. Co. v. Newton (N. C.) 98 A. S. R. 701, 45 S. E. 549.

Since the order appointing commissioners was an interlocutory rather than a final order and was therefore not appealable under the general statute regulating appeals, which, as we shall subsequently see, supplements the special statute contained in the condemnation proceeding, and since the statutes governing condemnation procedure contain no specific provision authorizing an appeal from such an order, it follows that such order is not appealable and that the contention of the plaintiff with respect to it is well taken.

The order of the trial judge dismissing the cross-petition and thereby denying to the defendants their asserted right to seek specific performance of the restrictive provisions of the alleged right-of-way agreement presents a different question. It constituted a final and adverse determination of their asserted right to seek such relief.

From our previous examination of the condemnation procedure statute, we have al--

ready seen that no provision is therein contained specifically authorizing an appeal from such an order. But the order is a final one. Does an appeal lie independent of specific statutory provision in the condemnation act? If it does, it must arise from the general statute authorizing appeals. In connection with this question two conflicting views have been expressed by the courts. Thus it has been held that where (as in this state) a statute regulating appeals in condemnation cases extends the right of appeal only to cases in which the amount of the award is in question, an appeal will not lie from a final decision on any other question and that the proper method of obtaining a review of the decision on such other question is by writ of certiorari. See State of Washington ex rel. v. Superior Court, etc., also styled Grays Harbor Logging Co. v. Coats Fording Logging Co., 61 L. Ed. 702, 243 U. S. 251, wherein the decisions regulating procedure in the state of Washington are reviewed. On the other hand other jurisdictions adhere to the view that even in the absence of special statutory provision authorizing appeal, such an appeal may be taken under the general statutes governing appeals. The rule is stated in Nichols on Eminent Domain (2d Ed.) at page 1115, in the following language:

"When eminent domain proceedings are conducted in a court of record, in the same manner as civil proceedings generally, upon a final determination of the cause by the trial court, questions of law may be brought before the court of last resort of the state in the same manner as in other civil proceedings, a statute giving the court of last resort general appellate jurisdiction over the inferior courts of record being broad enough to include eminent domain proceedings unless the contrary expressly appears"

—and both views are recognized by the same authority at page 1093, where the following language appears:

"It has been held in some jurisdictions that, as a petition to take land by eminent domain is a special proceeding, the general provisions of statute in regard to appeals in civil actions have no application to such a case, and in the absence of special provisions of the Constitution or statutes, the adjudication of the trial court upon the petitioner's right to condemn is final, even as to matters of law. In most states, however, either by statute or otherwise, the right to appeal in such cases to the highest court of the state is firmly established, but there is a conflict of authority upon the time when such an appeal should be taken. Of course if the decision upon the petitioner's right to condemn is adverse to the petitioner, no

further proceedings can be had in the trial court, the judgment is a final one, and the petitioner may take the case at once on points of law by appeal, writ of error, bill of exceptions or other appropriate means to the highest court of the state, except in such jurisdictions as deny the right of appeal in eminent domain proceedings altogether."

Even though our statute regulating procedure in condemnation cases contains a section (11934, supra) relating to appeals to this court, and even though that section may have been intended only to apply to appeals where the amount of compensation is the issue, we believe the right to appeal to this court and obtain herein a review of other questions should be specifically recognized and approved as the better view. This view of the question is especially appropriate in this jurisdiction, since, as previously pointed out, the power to determine questions relating to the right to condemn in condemnation proceedings arises in this state from judicial construction rather than specific statutory authority. The general statute (sec. 528, O. S. 1931) regulating appeals must therefore be considered as supplementary to the special statute concerning appeals (sec. 11934, supra) contained in the condemnation act.

The order of the trial judge dismissing the cross-petition of the defendant was a final order and therefore appealable. Johnson v. Freeport, etc., R. Co., 116 Ill. 521, 6 N. E. 211. This order was prematurely made. The judicial determination of the right of the defendant to seek affirmative relief on the restrictive provisions of the alleged right-of-way agreement in the condemnation proceedings should have been postponed until the condemnation proceedings came before the court proper as distinguished from its judge.

It follows that the learned judge was in error in determining the matter during the preliminary stages of the proceedings. Since the question relating to the right to seek the affirmative relief are closely related to other questions in the case and may be entirely eliminated upon trial of the issues of fact, and since further proceedings must be conducted in disposing of the case, we deem it inadvisable to determine in this proceeding whether the decision of the trial judge could be justified upon the theory that such affirmative relief was improperly sought in this action.

The decision of the trial judge in dismissing the cross-petition is therefore re-

versed solely on the grounds that the order was prematurely made.

In order that the scope of this decision may not be misunderstood, it should be stated that we are not herein holding that a trial judge could not, in a proper case and upon proper application and showing in connection with preliminary steps in a condemnation proceeding, make an order temporarily restraining a condemnor from taking possession of the land pending final determination of the right to condemn by the court proper. Neither do we herein decide whether the right to appeal from the final decision favorable to the condemnor on questions relating to the right to condemn may be exercised prior to the final determination of the amount of compensation. These as well as some of the other questions previously mentioned cannot properly be answered in this case.

The appeal is dismissed as to the order appointing commissioners and reversed and remanded as to the order dismissing the cross-petition.

McNEILL, C. J., and RILEY, BAYLESS, and PHELPS, JJ., concur.