The BOARD OF COUNTY COMMISSION-
ERS OF CREEK COUNTY, State
of Oklahoma, Appellees,

v.

Billy V. CASTEEL and Margie Casteel,
Appellants.

No. 45306.

Supreme Court of Oklahoma.

March 5, 1974.

Rehearing Denied June 4, 1974.

David Young, Dist. Atty., Sapulpa, for appellees.

Guy Fitzsimmons, Jack B. Sellers, Sapulpa, for appellants; James L. Ayers, Tulsa, of counsel for appellants brief.

SIMMS, Justice:

This is an appeal from a condemnation proceeding in the District Court of Creek County. The action in the trial court was commenced by the County Commissioners of Creek County for the taking by the power of eminent domain of 6.57 acres belonging to Billy V. Casteel and Margie Casteel on the edge of Sapulpa, Oklahoma. The taking was for the purpose of straightening a county road and building a bridge. Reference will be made to the parties as condemnor and owners.

Condemnor passed a resolution stating the necessity of taking the 6.57 acres and unsuccessfully attempted to negotiate a purchase of the property from the owners. The suit was filed on July 10, 1970, and on August 10, 1970, the owners filed an answer consisting of a general and special denial containing the following allegations:

"For further answer, these defendants deny, specifically, the necessity of taking all or any part of the particular property sought to be appropriated and condemned for public use.

For further answer, these defendants state to the Court that the particular property sought to be appropriated is the entire tract of land owned by these defendants. The defendants challenge the necessity of taking the entire tract of land and request that plaintiff be held to strict proof in the actual amount of this tract needed for the public road system excluded from this action."

On August 18, 1970, the District Judge of Creek County appointed the commissioners to assess the damages. The commissioners filed a report on August 24, 1970, setting the amount of the damages at $4,600.00. This amount was deposited by the condemnor on September 1, 1970, and was withdrawn by the owners on September 14, 1970.

Also, on September 14, 1970, the owners filed the following Demand for Jury:

"Comes now the defendants, Billy V. Casteel and Margie L. Casteel, and object to the award made the commissioners in this cause because said award is in an amount less than the value of the property taken and damaged by plaintiff and demand trial by jury in said cause in order that the amount of damages sustained by defendants may be assessed by a jury of the county."

The petition, answer, and demand for jury trial constitute the only pleading filed in the case.

On September 28, 1971, at pretrial conference, the question of the necessity of taking the whole 6.57 acres was raised. The District Judge held that the issue had been prematurely raised in the answer and declined to consider evidence on it.

The case was set for jury trial on October 7, 1971. On that date, the owners filed a Motion to Disqualify the District Judge, which disqualification was certified.

Also, on October 7, 1971, the owners filed a Motion to Strike the Case from Jury Setting on the grounds that the question of the necessity of the taking had to be determined first.

The case was called to jury trial before an Associate District Judge on October 7, 1971, and before the jury was called, counsel for owners made an oral request for a hearing on the necessity of taking:

"Now we asked for a determination of necessity, a determination of use, before we are forced to enter into the trial of this case on the issue of the value of the land taken, because if in fact it is a determination of a judicial question, the necessity and the use are resolved in one way, then we've got one way and if it's resolved in another way, then we have something else with respect to this valuation. If the defendants are correct, it will necessitate—I mean if the Court should find that the necessity or the nature of the use is such that it's not nec-

essary for the County to have all this land for this roadway purpose, then there will have to be new Commissioners appointed and a re-appraisal made. So that is the purpose of our motion this morning and when we say strike the case from the jury setting, we mean strike it from the setting this morning."

The trial court overruled the motion after argument and the case was tried before the jury on the issue of damages. A verdict of "$1250. per acre" was returned.

Owners petition in error urges two propositions for reversal:

(1) "Error by the trial court in refusing owners a hearing upon the judicial question of necessity of taking the entire tract of owners for highway purposes after owners had raised such issue in their answer filed in the trial court thereby denying owners their substantial rights and due process and equal protection of the laws as provided by the Constitution and laws of the State of Oklahoma and by the Constitution of the United States."

(2) "Error by the trial court in overruling the owners' Motion to Strike Case from Jury Setting until non-jury hearing on necessity could be held."

The issue to be determined is whether the owners are precluded from a hearing on the necessity of the taking unless they file an objection to the report of the commissioners.

Oklahoma Constitution, Article 2, § 24, states in part:

". . . In all cases of condemnation of private property for public or private use, the determination of character of use shall be a judicial question."

In the brief filed by the owners in the instant case, it is stated:

". . . from the date their answer was filed to the condemnors petition and including this appeal the owners have consistently and repeatedly attacked the

necessity of taking their entire tract for highway purposes and repeatedly demanded a hearing on the issue."

The fact that the landowners have a constitutional right to be heard on the necessity of the taking is unquestioned. It is the manner in which the landowners raised their objection and sought a hearing that is the issue in this appeal.

The legislature has set forth the procedure that is to be followed by a landowner in seeking the judicial hearing provided for by Art. 2, § 24, for a determination of the necessity of the taking. That procedure is set forth in 66 O.S.1971, § 55, which provides in part:

"The report of the commissioners may be reviewed by the district court, on written exceptions filed by either party, in the Clerk's office within thirty (30) days after the filing of such report; and the court shall make such order therein as right and justice may require, either by confirmation, rejection or by ordering a new appraisement on good cause shown; or either party may within sixty (60) days after the filing of such report file with the clerk a written demand for a trial by jury, in which case the amount of damages shall be assessed by a jury, and the trial shall be conducted and judgment entered in the same manner as civil actions in the district court . ."

■ Only three pleadings are authorized by statute in condemnation proceedings: Petition, Demand for Jury Trial, Objection to Report of Commissioners. 66 O.S.1971, §§ 53 and 55. Condemnation proceedings are special proceedings and must be carried out in accordance with legislatively prescribed procedure. Graham v. City of Duncan, Okl., 354 P.2d 458 (1960).[1]

■ While this Court has, in former cases by way of dicta, recognized answers filed in condemnation cases, we do not approve of such procedure. An answer filed in a condemnation suit will not, in and of

---

1. Levy, A Primer on Eminent Domain, Dec. 1971, Supplement to the Oklahoma Bar Journal.

itself, raise any issue that can be determined in the proceeding. Moreover, an answer is insufficient to bring to issue the question of amount of damages or the necessity of the taking. Only a demand for jury trial will bring to issue the question of damages. Only an objection to the report of the commissioners meets the statutory requirement necessary for bringing forth the issue of the necessity of the taking. 66 O.S.1971, § 55.

The parties rely upon Town of Ames v. Wybrant, 203 Okl. 307, 220 P.2d 693 (1950); and, Wrightsman v. Southwestern Natural Gas Co., 173 Okl. 75, 46 P.2d 925 (1935). In *Ames*, on the day the commissioners were appointed, but before the appointment was made, each of the landowners filed, and presented to court, a motion to dismiss the condemnation petition, alleging the lack of necessity of the taking. The trial court refused to consider the motions at that time and passed them until the commissioners made their report. The landowners asked this Court to assume jurisdiction and to prohibit the trial court from proceeding further until the right to take be determined. They contended, first, that upon the filing of the commissioners' report, the condemnor is entitled, under the law, to take possession of the premises upon payment of the award, and that the condemnor had declared its intention so to do. Therefore, in their second proposition, the landowners contended that if the determination of the necessity of the taking was not made until after the filing of the commissioners report and the taking of possession by the Town, the landowners would be deprived of their property without a day in court.

This Court said that the landowners' conclusion would be correct only if the law would permit a condemnor to take possession before its right to do so is established. This landowner's theory is inapplicable in the instant case as it was in the *Ames* case. This Court held that the judge properly passed the motion to dismiss because, prior to the filing of the commissioners report

and objections thereto, he acts only in a ministerial capacity. However, when any question concerning the right to take by condemnation is raised, it must be finally determined judicially, prior to a final determination of any question concerning the amount of damages. It concluded the opinion by saying:

"In view of the stress laid in the argument upon the alleged threat of plaintiff therein to enter possession before a determination of the question of the plaintiff's right to condemn we deem it well to say that the District Court after objection to the Commissioners' report or the trial judge prior thereto in a proper case and upon proper application and showing in connection with preliminary steps in condemnation could make an order temporarily restraining the condemnor from taking possession pending final determination of the right to condemn. Wrightsman v. Southwestern Natural Gas Co., supra." (46 P.2d 925)

The applicability of *Wrightsman, supra,* and *Ames, supra,* may be questioned on the grounds that the distinction made in those cases and in State ex rel. Dabney v. Johnson, 122 Okl. 241, 254 P. 61 (1927) of the trial judge sitting as a court with judicial capacity versus a judge with ministerial capacity no longer has any relevance. That rule was established to expedite condemnation cases, when terms of court were the law, by allowing the judge to appoint commissioners in his ministerial capacity while the court was in vacation of the term without invalidating a judgment. It may be argued, since terms of court have been abolished, the reasoning no longer exists.

There is, however, an overriding reason for requiring the landowner to file objections to the commissioners report before he can be heard on the question of necessity of the taking. Condemnation is a special proceeding recognized as such by the Oklahoma Constitution. Since condemnation is in a procedural category of its own, the legislature has passed special statutes for

the just and orderly functioning of the court when hearing these special proceedings. The procedural requirements set forth for condemnation cases in the statutes are reasonable and must be complied with. The landowner waived his right to a hearing on the necessity of the taking when he did not object to the report of the commissioners within the statutorily prescribed time.

For benefit of Bench and Bar in future proceedings, on October 8, 1971, in conformity with the terms of 66 O.S.Supp. 1970, § 55, 69 O.S.Supp.1970, § 1203, as Amended by S.B. 16, S.L.1971, p. 40 and 69 O.S.Supp.1970, § 1708, as amended by S.B. 15, S.L.1971, p. 61, the Court approved the form of notice in condemnation, which notice required objections to necessity be filed within 30 days following the filing of Commissioners Report. 42 OBJ 2633.

Court of Appeals reversed. Trial Court affirmed.

DAVIDSON, C. J., WILLIAMS, V. C. J., and BERRY, BARNES and DOOLIN, JJ., concur.

HODGES, LAVENDER and IRWIN, JJ., dissent.

HODGES, Justice (dissenting).

The statute, 66 O.S.1971 § 55, and the Oklahoma Constitution Art. 2 § 24, relied on by the majority opinion, provide an exception to the report of commissioners only in so far as the amount of appraisement is concerned. They are silent as to what time limitations or procedures are applicable when the condemnee raises the question of the necessity of taking. A landowner may agree that the commissioners assessment of damages is correct, but disagree that there is a necessity for the taking of his land. The only duties of the commissioners are to inspect the property and submit a report showing the boundaries, quantity and value of the property taken, and to assess the damages for the taking. The commissioners have nothing to do with the judicial question of the necessity of taking.

Inasmuch as there are no statutory guidelines, the landowner's objection to the taking should have been treated as continuing. The trial court then should have set the matter for a hearing from which a judicial determination could have been made. I do not believe the condemnee should be deprived of his right to object to the necessity of taking by the assertion that his objection was prematurely filed.

I would affirm the opinion of the Court of Appeal. As stated in the opinion 44 OBJ 1453, 1456:

"The failure of the trial court upon proper request to grant a hearing on the necessity of taking, and to make a determination thereon, prior to the trial as to the amount of damages constitutes a denial of equal protection of the laws, and was both fundamental and reversible error."

I respectfully dissent.

I am authorized to state that Justice LAVENDER concurs in the views herein expressed.