**STATE of Oklahoma, ex rel. DEPARTMENT OF TRANSPORTATION, Appellant,**

**v.**

**MERCURY DEVELOPMENT, INC.; Izetta Self; and County Treasurer of Rogers County, Oklahoma, Appellees.**

**No. 54639.**

Supreme Court of Oklahoma.

April 13, 1982.

James D. Payne, Dept. of Transp., Oklahoma City, for appellant.

Bill R. Scarth, Claremore, for appellees.

IRWIN, Chief Justice:

The appellant, The Department of Transportation (State), filed two (2) separate condemnation proceedings against appellees involving two (2) contiguous tracts of land.

Commissioners were appointed and they filed their separate reports for each tract. Both State and appellees filed demands for trial by jury.

Thereafter, State filed an amended petition in one of the cases and added additional land. The trial court vacated the Report of the Commissioners that had been filed in that case. The two cases were then consoli-

dated pursuant to the State's request. The trial court then entered an order appointing Commissioners and directing them to make another appraisal which covered all the land in the original appraisals and the additional land that was included in State's amended petition. In due time Commissioners filed their report. Although this report covered all the property that was included in the two original reports, it was an entirely different report and included additional land. Notice of this Commissioners' report was timely mailed to the parties. Neither party filed exceptions to the report nor filed demand for Jury Trial.

More than nine (9) months after the second report was filed, appellees filed a motion to strike the case from the trial docket and to enter judgment for the amount of the Commissioners' award. This motion was based upon the theory that the Commissioners' report had become final and conclusive since neither party filed exceptions to the Commissioners' report nor filed a demand for a jury trial within the time prescribed by statute,[1] which is "within sixty (60) days after the filing of such report."

The trial court sustained appellees' motion, struck the case from the docket and entered judgment for appellees.

State's original demands for jury trial were directed against two separate Commissioners' reports. Although the reports covered two tracts of land that were contiguous, the two tracts were separate and distinct. A demand for jury trial filed in one of the cases would not have been sufficient to constitute a demand for jury trial in the other case.

After State amended its petition in one case and added additional land, State included in its condemnation proceedings land which had not been appraised. After the cases were consolidated at State's request, Commissioners were appointed to appraise all the property in the consolidated cases and their report fixed the value in one lump sum. This report was filed approximately two and one-half (2½) years after State filed its demands for jury trial prior to consolidation and prior to State filing its amended petition.

In *Board of County Comm'rs of Creek County v. Casteel,* Okl., 522 P.2d 608 (1976) we said:

> Condemnation is a special proceeding recognized as such by the Oklahoma Constitution. Since condemnation is in a procedural category of its own, the legislature has passed special statutes for the just and orderly functioning of the court when hearing these special proceedings. The procedural requirements set forth for condemnation cases in the statutes are reasonable and must be complied with. The landowner waived his right to a hearing on the necessity of the taking when he did not object to the report of the commissioners within the statutorily prescribed time.

It is evident that when State filed its amended petition, included additional property to be condemned, the two cases were consolidated, and the Commissioners were

---

1. 69 O.S. 1975 Supp., § 1203(e)(1) and 1203(e)(2), inter alia, provide:

   (e)(1) The Report of Commissioners may be reviewed by the district court, on written exceptions filed by either party in the clerk's office within thirty (30) days after the filing of such report, and the court, after hearing had, shall make such order therein as right and justice may require, either by confirmation, rejection or by ordering a new appraisement on good cause shown. Provided, that in the event a new appraisement is ordered, the Department shall have the continuing right of possession obtained under the first appraisal, unless and until its right to condemn has finally been determined otherwise; or either party may within sixty (60) days after the filing of such report file with the clerk a written demand for a trial by jury, in which case the amount of damages shall be assessed by a jury, and the trial shall be conducted and judgment entered in the same manner as civil actions in the district court . . .

   (2) Within ten (10) days after the Report of Commissioners is filed, the court clerk shall forward to the attorney of record for the condemnor, the attorney of record for each condemnee, and to all unrepresented condemnees, a copy of the commissioners' report and a notice, stating the time limits for filing an exception or demand for jury trial as specified in paragraph (A) of Section 55 of Title 66 of the Oklahoma Statutes . . .

appointed to appraise, in one report, all the property, that the demands for jury trial previously filed would not constitute a demand for a jury trial directed to the last Commissioners' report.

The procedural requirements for demand for jury trial were not met and the trial court correctly ruled that State was not entitled to a jury trial.

JUDGMENT AFFIRMED.

HODGES, LAVENDER, SIMMS, HARGRAVE and OPALA, JJ., concur.

BARNES, V. C. J., and DOOLIN and WILSON, JJ., dissent.