**WATKINS et al. v. BOARD OF COM'RS OF STEPHENS COUNTY et al.**

No. 8936—Opinion Filed July 30, 1918.

(174 Pac. 523.)

**1. Eminent Domain—Proceedings — Notice.**

Any attempt on the part of a board of county commissioners to appropriate lands privately owned for public purposes, without due notice to the landowners or in violation of constitutional requirements, is void even though under the color of statutory authority.

**2. Same—Procedure—Statutes.**

It is within the province of the Legislature to prescribe procedure to be followed by boards of county commissioners in locating and establishing public roads, but land privately owned cannot be appropriated and a public road constructed across the same without the consent of the owner until the requirements set forth in section 24, art. 2. of the Constitution, as to condemnation and compensation are met.

**3. Same—Compensation—Payment.**

In the absence of an agreement with the owner, the construction of a public road across land privately owned can only be commenced after condemnation proceedings duly instituted and maintained, in which the damages are assessed by not less than three disinterested freeholders duly appointed by a court of competent juridiction or the judge of such a court from the regular jury list for the county in which the land is situated and the compensation allowed is paid to the owner or deposited into court for his use with the right of trial by jury afterwards to any party aggrieved as to the amount of damages.

**4. Same—Proceedings — Conditions Precedent.**

When the board of county commissioners

brings condemnation proceedings in order to use land privately owned for the purpose of a public road, it is necessary for the board to show that the road has been duly located in accordance with the law across such land and that the proceedings are necessary because of failure to agree with the owner of the land.

### 5. Same—Consent of Owner—Presumption.

In this state when private property is sought to be taken for public use without the consent of the owner under statutory or constitutional authority all presumptions indulged are in favor of the person whose property is sought to be taken without his consent.

### 6. Same — Proceedings — Jurisdiction of Board of County Commissioners — Appeal—Effect.

When an appeal is duly perfected to the district court from an action of the board of county commissioners in locating and establishing a public road, the jurisdiction of the board to proceed further ceases until the matters involved in the appeal are finally determined.

### 7. Same—Remedy of Owner—Injunction.

When the road supervisor or overseer, pursuant to an unauthorized order of the board of county commissioners, appropriates land privately owned and proceeds to construct a public road across the same without the consent of the owner, injunction is a proper demedy.

(Syllabus by Stewart, C.)

Error from District Court, Stephens County; Cham Jones, Judge.

Suit for injunction by F. E. Watkins and others against the Board of County Commissioners of Stephens County and C. R. Bailey, Road Supervisor. From an order denying an injunction, plaintiffs bring error. Reversed and remanded, with directions.

W. Y. Dilley, for plaintiffs in error.

H. B. Lockett and H. W. Sitton, for defendants in error.

Opinion by STEWART, C. The plaintiffs, F. E. Watkins, Clara I. Baker, and Chas. N. Voss, alleged that they were the owners of certain described lands situated in Stephens county, Okla.; that the defendant C. R. Bailey, as road supervisor and overseer, under the instruction of the defendant board of county commissioners of Stephens county, had unlawfully entered upon said land, destroyed fences, made ditches, and were still threatening to destroy fences, and were trespassing and causing damage by unlawfully attempting to construct a public road across such land; that the plaintiffs had

duly appealed from an action of the board of county commissioners purporting to establish said road, having duly filed appeal bond, given proper notice, and in other respects having complied with the law governing such appeals; that until such proceedings should be disposed of in the district court the defendants were without authority to open the road or to trespass upon the lands; that no compensation had been paid to the plaintiffs or deposited for their use; that because of the attempted opening of such road the plaintiffs had suffered and would suffer damage without adequate remedy at law—on account of which facts, as alleged, the plaintiff asked that the defendants be enjoined. The petition was duly verified. The defendants filed no answer or other response though acknowledgement of service was duly made and parties appeared at the time set for the hearing of the application for the order of injunction. Testimony being introduced. the court denied the injunction, and plaintiffs duly prosecute error to this court.

The evidence in the record shows that the only proceedings had before the board of county commissioners are as follows: On September 6th the following order was made:

"On motion by W. H. Rader, the county engineer is hereby directed to survey and describe properly the half section line, beginning at the southwest corner of the northwest quarter of section twenty-one, township two south, range seven west. Thence east along said half section line to the center of section 23, township 2 south, range 7 west. Also to make estimate of the construction of the above-described road." The above order made in accordance with article 6, chapter 173, of page 333 of section 1, 1915 Session Laws.

On December 22d, the following proceedings were had:

"The board of county commissioners met in special session this day at 9:00 a. m., with Commissioner Regan, Rader and Zachary and County Clerk McLendon, present, for the purpose of taking up certain road matters as follows: The minutes of the previous meeting read and approved and proceeded as follows: A certified copy of the report on road running through sections 22 and 23, township 2 south, and range 7 west, was this day filed with the county clerk for record. On motion by W. H. Rader and seconded by W. T. Zachary that because of a public necessity a public highway is hereby ordered and established along the half section line east and west through sections 22 and 23, twp. 2 south, range 7 west, Stephens county, Oklahoma, 40 feet wide, one-half on

each side of said line, and adopt the appraisement of the reviewers and assign the damages of the owners of said land at $27.-20 per acre for the land actually appropriated and that the road supervisor, C. R. Bailey, is hereby authorized, ordered and directed to open, establish and build a public highway or road along and over the above described land in pursuance of an order and judgment of the district court of Stephens county, state of Oklahoma. The Honorable Cham Jones, judge presiding, approving the action of the viewing commissioners appointed by him on the____day of____ and subsequently adopted, accepted and made their legal representatives by the board of county commissioners to view said land, make an estimate of the damage to the owner thereof by taking said land for road purposes and assess the amount of said damages which said county should pay to said owner, all of which was done as shown by the report of said viewing commissioners. now on file in the office of the county clerk for record. Signed: Tom Regan, Chairman of Board of County Commissioners. W. T. Zachary, Member; W. H. Rader. Member."

Section 1, art. 6, c. 173, Session Laws 1915, prescribes the method by which roads may be opened and established by boards of county commissioners, and reads as follows:

"Section 1. The board of county commissioners may open. establish or condemn for roads on section lines and may vacate, alter, widen, change or lay out other new roads according to the following procedure: (a) Action to locate, alter, or vacate a road may be upon a petition to the county commissioners signed by at least twelve freeholders residing in the vicinity of the road affected. One or more of said freeholders must execute a bond, payable to the county, conditioned to pay the costs of proceedings if the petition be not granted. Said petition shall show clearly the location and terminals of the road and shall be promptly considered by the county commissioners if in proper form. But if they conclude upon investigation that the road applied for is unnecessary and impractical then no further proceedings shall be had, and the bond of the petitioners shall be liable for any costs accrued. Due legal notice to the public for twenty days by advertisment in the official county paper shall be given, setting forth the facts and the date when hearing will be held and the petition acted upon. A record of all said proceedings shall be made by the county clerk. One of the petitioners must give at least six days' notice in writing to the owner or his legal representative (if within the county), through whose land the proposed road goes, and copies of such notice, duly served, must be filed with the county clerk before the proceedings are complete.

"Or the county engineer may be designated by either side to represent all of the interests involved and proceed to locate or alter the road to the best advantage, make estimates of the cost of doing the work involved, and shall stake it out. In case the owners of the land to be taken agree in writing to the proposed * * * changes, or donate the land required, then if the work can be accomplished with reasonable expense the judicial procedure of viewing may be omitted and the county commissioners may order and establish the road as a public highway. and make appropriate records thereof.The commissioners or their representatives shall determine and award the amount of damages to be paid out of the county funds, if there are any such damages sustained by the owner of the land involved, and if such owner actually had notice of the procedure. Failing to give such notice to him. he may claim damages within twelve months after the location and opening of said road, but all claims thereafter shall be barred. Any person aggrieved by the foregoing proceedings shall have the right of appeal to the district court for final review and adjudication."

It is contended by defendants that the section quoted provides two methods of opening and establishing a public road; the plaintiffs contend that the third paragraph of the section referring to the county engineer must be construed in connection with the previous paragraph, and urges that in no case can a road be established without due notice to the owners. Before the land may be appropriated, under the holding of the courts, such notice, either constructive or actual, is necessary without a constitutional provision specifically requiring the same to be given, as otherwise one could be deprived of property without due process of law. Our Constitution, however, expressly requires notice to all parties in interest in such cases. Section 24, art. 2, of the Constitution, prescribes in general the method of condemnation and must be strictly observed when the right of eminent domain is invoked. The section reads:

"Private property shall not be taken or damaged for public use without just compensation, such compensation irrespective of any benefit from any improvements proposed, shall be ascertained by a board of commissioners of not less than three freeholders, in such manner as may be prescribed by law. The commissioners shall not be appointed by any judge or court without reasonable notice having been served upon all parties in interest. The commissioners shall be selected from the regular jury list of names prepared and made as the Legislature shall provide. Any party aggrieved shall have the right of appeal, without bond, and trial by

jury in a court of record. Until the compensation shall be paid to the owner, or into court for the owner, the property shall not be disturbed, or the proprietary rights of the owner divested. When possession is taken of property condemned for any public use. the owner shall be entitled to the immediate receipt of the compensation awarded, without prejudice to the right of either party to prosecute further proceedings for the judicial determination of the sufficiency or insufficiency of such compensation. The fee of land taken by common carriers for right-of-way, without the consent of the owner, shall remain in such owner subject only to the use for which it is taken. In all cases of condemnation of private property for public or private use, the determination of the character of the use shall be a judicial question."

It would follow that any attempt by the board of county commissioners to appropriate private land or to fix the compensation contrary to such constitutional provision would be void though under the color of statutory authority. Such board has the power, when the matter is presented in accordance with the statute and on due notice to the plaintiff and to landowners affected, to determine the necessity for a public road and to locate the same, but not to appropriate the land until the constitutional requirements as to condemnation and compensation are met, which requirements, in the absence of agreement with the landowners, contemplate notice to the landowner and ascertainment of the damages by not less than three disinterested freeholders duly appointed by a court of competent jurisdiction or the judge of such a court from the regular jury list for the county in which the land is situated and the payment of the compensation allowed to the owner, or deposit of same into court for his use, with the right of trial by jury afterwards to any party aggrieved as to the amount of the damages.

Before, however, the board of county commissioners acting for the county can exercise the right to appropriate private land for any purpose, all of the steps legally prerequisite to using the land for such purpose must have been taken. If there. is a statute on the subject, the same must be followed, unless in conflict with the higher authority of the Constitution. It is within the province of the Legislature to prescribe the procedure to be followed by the board of county commissioners in locating and establishing a public road, but private land cannot be taken for such purpose contrary to constitutional requirements. The session law quoted supra prescribes such procedure

and can be harmonized with the Constitution.

It does not appear that any petition was filed to locate the road or any bond given as required by statute. Nor were the plaintiffs notified, either actually or constructively, of the proposed action of the board of county commissioners to locate the road across their land. However, on the 22d day of December a purported order of the board of county commissioners locating and establishing the road was made, and on the 30th day of December, within the time allowed by law for appeal, an appeal was duly taken by plaintiffs to the district court.

From an examination of the proceedings before the board of. county commissioners, we conclude that the same were unauthorized. It is well settled in this court that the powers of boards of county commissioners must be strictly construed, and a strict construction always prevails when private property is sought to be taken without the consent of the owner, in the absence of a statutory or constitutional rule to the contrary. The appeal taken for the purpose of a trial de novo might constitute an appearance by the plaintiffs, but would not likely cure the other jurisdictional defects. At any rate, the appeal took the case out of the jurisdiction of the board of county commissioners and deprived the board of power to act further in the matter until final determination of the matters involved.

It is suggested in the brief of the defendants that there were condemnation proceedings in the district court. The construction of the road is one thing, and the locating and establishing of the road is another. In our opinion the board, in a proper case, has authority to survey, locate. and establish a line of road without condemnation; but the land cannot be appropriated and the road constructed over the objection of the landowners without condemnation proceedings in which it would be necessary for the board of county commissioners to show that a public road had been lawfully located across the land and that it was necessary to condemn and appraise the same because of failure to agree with the owners. The only evidence of condemnation proceedings in the record is the reference thereto in the order of the board of December 22d, purporting to locate and establish the road; hence, if there were any condemnation proceedings in the district court they must have been instituted before the county acquired the right, by locating and establishing the road,

to use the land involved. If there were any evidence or matters of which we might take judicial notice in the record before us to show that the land had been duly condemned and appraised upon notice to the owners, we might find that the rights of the plaintiffs had become adjudicated by the oction of the district court in condemnation proceedings; but we cannot construe or give effect to something that is not before us. The defendants have filed no pleading showing such adjudication nor any other plea, nor have they introduced in evidence or called the court's attention to any record, file, or other matter in connection with any condemnation proceeding. We therefore have before us for consideration only the proceedings before the board of county commissioners and the appeal from the board's action. On the showing made, the trial court was in error in refusing the injunction. The rule that private property cannot be taken without due process of law, and constitutional safeguards, apply as well to counties and governmental agencies as to others invoking the right of eminent domain. While the record in this case is somewhat unsatisfactory, we feel that the defendants should have filed answer setting forth their right to use the land and to construct the road, and there should have been some effort by testimony introduced to justify their course. All presumptions indulged must be in favor of those whose property is sought to be taken against their will.

In view of the prima facie showing made by plaintiffs, this cause is reversed and remanded, with directions to the judge or court to grant the temporary injunction prayed for upon plaintiff's filing bond as required by law in a reasonable sum to be fixed by the judge or court, and that, upon final hearing, the court proceed in a manner not inconsistent with the views herein expressed.

By the Court: It is so ordered.