TOWN of AMES et al. v. WYBRANT, Dist. Judge, et al.

No. 34666.   July 14, 1950.

*220 P. 2d 693.*

J. Howard Lindley, of Fairview, and France, Johnson, Gordon & Cook, of Oklahoma City, for petitioners.

Robinson, Shipp & Robertson, of Oklahoma City, and McKeever & McKeever, H. L. Gasaway, McKnight & Edwards, all of Enid, for defendants.

Ted R. Fisher, of Watonga, and Shutler, Shutler, & Bradley, of Kingfisher, amici curiae.

GIBSON, J.  On May 3, 1950, the town of Ames, a municipal corporation, and others, as plaintiffs, filed herein their application to this court to assume original jurisdiction and award a writ of prohibition against the defendants, O. C. Wybrant, judge of the district court of Major county, Oklahoma, and the city of Enid, Oklahoma, a municipal corporation, enjoining further proceedings in four condemnation proceedings pending in said district court. Defendants have filed their response to said application and the matter now comes to be heard upon the application and response and the briefs filed in support thereof.

The actions in question are Nos. 6011, 6013, 6014 and 6018 upon the docket of said district court. The city of Enid is the plaintiff in all of said actions, and in each seeks to obtain through condemnation the estate of defendants in "ground water" (as defined in Tit. 82 of S. L. 1949, ch. 11, p. 641, et seq.) in lands therein described.

In pursuance of the prayer of the petitions the said judge of the court, after notice to defendants, appointed commissioners to view and appraise the premises. On the day of the appointment, and before same was made, the defendants in each of said cases appeared before said judge of the district court and filed and presented to said judge a motion to dismiss the petition of the plaintiff for divers reasons, all challenging the right of the plaintiff to condemn the rights involved. On presentation of said motion the judge declined to pass upon the merits thereof and passed the consideration thereof until the commissioners so appointed shall have reported. Such constitutes the material factual situation at the time of the filing of the application in this court.

The basis of the application is thus stated therein:

"That unless this court assumes original jurisdiction herein, your petitioners will lose their property without having had their day in court, and without due process of law in violation of their constitutional rights."

It is urged (1) that with the incoming of the report of the commissioners the plaintiff is entitled under the law to take possession of the premises upon payment of the commissioners' award and that it has declared its intention so to do, and (2) that the determination of plaintiff's right to condemn if had only after the filing of such report and entry of plaintiff upon the premises is to deprive defendants of their property without a day in court.

Such conclusion could be sound only on the assumption that the law would permit the city to take possession before its right so to do is established. Such a taking would be violative of constitutional restrictions and there is no authority therefor. The conclusion is sought to be predicated upon the effect of Tit. 66 O. S. 1941 §53, permitting the corporation, upon payment of the damages assessed, to enter upon the premises, and upon the cases construing said section. The situation contemplated by the statute and obtaining in the cases construing it is one where the right to condemn the premises is not in question, because it is established under legislative power, and the sole question is the measure of damages. Bilby et al. v. District Court of Ninth Judicial District et al., 159 Okla. 268, 15 P. 2d 38. In such situation, as stated in City of Eufaula v. Ahrens et al., 58 Okla. 180, 159 P. 327, 328:

"The right of the corporation to take possession of the property and proceed with the work contemplated depends upon the ascertainment of the amount of damages to be paid either by the report of the appraisers or by verdict of the jury and judgment of the court pronounced thereon."

Such rule can have no application where the power to condemn does not exist, or where it is sought to be exercised in excess of the power that obtains.

In art. II, sec. 24 of the Bill of Rights of our Constitution, there is provided:

" . . . In all cases of condemnation of private property for public or private use, the determination of the character of the use shall be a judicial question."

In Grand River Dam Authority v. Thompson, 189 Okla. 89, 113 P. 2d 818, wherein the quoted section was construed, we quoted with approval the following from 20 C. J., 634, §116:

" . . . An excessive appropriation, or an appropriation of more land than is required for the contemplated purpose, is beyond the scope of the delegated power, even though it does not exceed the amount specified in the

statute, and the courts will interfere to prevent an abuse of discretion or an arbitrary exercise of the power. If the statutes authorize the taking of more land than is necessary for the intended use it will be unconstitutional and void."

In final analysis, the justiciable question is whether there is authority of law for the particular appropriation. The question can be no less justiciable where the issue is whether there is authority for any appropriation. In Oklahoma City v. Local Federal Savings & Loan Ass'n, 192 Okla. 188, 134 P. 2d 565, we said:

" . . . And the fundamental power to exercise the right to so acquire property lies dormant in the state until the Legislature by specific enactment designates the occasion, the modes, and the agencies by and through which it may be placed in operation. Harn v. State ex rel. Williamson, Atty. Gen., 184 Okla. 306, 87 P. 2d 127. . . .

"The city has wholly failed in its contention that the property was acquired by condemnation under its superior power of eminent domain. It was without statutory power to so acquire the premises."

A similar situation obtains when an existing power to condemn is sought to be exercised without compliance with constitutional requirements. Watkins et al. v. Board of Com'rs of Stephens County et al., 70 Okla. 305, 174 P. 523.

Therefore the establishment of the right to condemn is a prerequisite to any right of possession by the condemnor. To such effect, we stated in Wrightsman v. Southwestern Natural Gas Co., 173 Okla. 75, 46 P. 2d 925, 929:

" . . . In such cases denial of a tribunal in which to test the right to condemn prior to possession would be a denial of equal protection of the laws."

Therein we expressly held that the landowner is entitled to challenge in the condemnation proceeding the right to condemn and have that question judicially determined prior to the final determination of the award for compensation and damages, and further entitled under authority of Tit. 12 O. S. 1941 §952, which is to be considered supplementary to the special statute concerning appeals (Tit. 66 O. S. 1941 §56) contained in the condemnation act, to appeal from the decision thereon. However, in ordinary course, such judicial determination is not proper until the matter of the condemnation is brought before the court by objection to the report of the commissioners for theretofore the functions of the judge in the appointment of commissioners are ministerial and not judicial. State ex rel. v. Johnson, Dist. Judge, 122 Okla. 241, 254 P. 61; French v. Ayres, 201 Okla. 494, 207 P. 2d 308. It is by reason thereof that the act of the judge in passing the motions to dismiss until the commissioners had filed their report was consistent with orderly procedure and proper.

It thus appears that the plaintiffs, as defendants in said causes pending in the district court, are, by law, afforded adequate remedies therein for the protection of their rights when properly sought, and we so hold.

And since it further appears that the district court of Major county has jurisdiction to hear and judicially determine the right of the city of Enid to prosecute the condemnation proceedings and also all questions properly related thereto, this court will not prohibit that court from exercising its jurisdiction.

In view of the stress laid in the argument upon the alleged threat of plaintiff therein to enter possession before a determination of the question of plaintiff's right to condemn, we deem it well to say that the district court after objection to the commissioners' report or the trial judge prior thereto in a proper case and upon proper application and showing in connection with preliminary steps in condemnation could make an order temporarily

restraining the condemnor from taking possession of the land pending final determination of the right to condemn. (Wrightsman v. Southwestern Natural Gas Co., supra).

Writ denied.

DAVISON, C. J., and CORN, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. ARNOLD, V. C. J., concurs specially. WELCH and O'NEAL, JJ., dissent.

ARNOLD, V. C. J. (concurring specially). While I agree that we properly assumed original jurisdiction in this case and concur in the principles of law announced, I do think, under the circumstances and particularly in view of what we said by way of dictum on rehearing in Canada et al. v. City of Shawnee, 179 Okla. 53, 64 P. 2d 694, on the right of eminent domain as to underground water, we should go further and determine whether the power of eminent domain exists under the undisputed facts of this case.

O'NEAL, J. (dissenting). I am unable to concur in majority opinion. In this case the town of Ames and other individuals seek a writ of prohibition against O. C. Wybrant, judge of the district court of Major county, and the city of Enid, prohibiting further proceedings in four condemnation cases pending in the district court of Major county. The matter is pending here on application to the court to assume original jurisdiction. Defendants have filed their response to said application and the matter is before this court.

The proceedings in condemnation are actions Nos. 6011, 6013, 6014, and 6018, on the docket of said district court. The city of Enid is plaintiff in all of said actions and therein seeks to obtain or take through condemnation certain "ground water" (as defined in Title 82, S.L. 1949, chap 11, page 641, et seq.) in lands therein described.

In pursuance of the prayer in the several petitions the judge of the district court appointed commissioners to view and appraise the premises (property). On the day of the appointment, and before same was made, the defendants in each of said actions appeared before the judge of the district court and filed and presented a motion to dismiss the petition of plaintiff for divers reasons all challenging the right of plaintiff to condemn the interest or rights involved (ground water). On presentation of said motions the judge declined to pass upon the same and passed consideration thereof until after the commissioners to be appointed shall have filed their response. Such was the fact situation when this application was filed.

It must be conceded that the right or power of the city of Enid to condemn the interest described in the petition is a judicial question and when such right is challenged the question must be judicially determined before any decree of condemnation may be entered.

"Prior to the assessment of damages the court will determine all preliminary questions as to the right of the petitioner to maintain the proceedings. The statutes sometimes specifically provide for such preliminary hearing. Even in the absence of any specific provisions it is frequently held that it is the policy of the law to have all preliminary questions as to the right to take settled in one suit, and the court may adopt any of the usual modes of determining such questions." 18 Am. Jur., Eminent Domain, §332, p. 975.

In Wrightsman v. Southwestern Natural Gas Co., 173 Okla. 75, 46 P. 2d 925, it is stated:

" . . . In such cases denial of a tribunal in which to test the right to condemn prior to possession would be a denial of equal protection of the laws."

The principal question is when, or at what stage of the proceedings, the question of right of condemnation may be judicially determined. In the Wrightsman case, supra, it is said:

"Logical and orderly procedure demands that such questions be considered and determined first. But at what stage of the procedure? The gravity and importance of the questions that may arise would seem to call for their final determination by the court rather than the district judge as distinguished from the court. We so hold. If follows, then, that the final determination of such questions should be made after the matter is brought before the court proper by objection to the report of commissioners."

It was also pointed out in that case that section 11931, O. S. 1931 (66 O. S. 1941 §52) provides for the appointment of commissioners by the district judge (not the district court). It is further said:

"By the provisions of the statute above quoted the earliest time at which any question may be presented to the court proper as distinguished from the judge thereof is upon objections filed by either party to the report of the commissioners or upon a written demand for jury trial."

With the latter part of the opinion of the Wrightsman case, supra, I am inclined to disagree. I think the question of the right of power of the condemnor to condemn the particular property, or class of property, may be presented to the court proper, as distinguished from the judge thereof, and may be presented at once upon service of the notice, and it may be presented by demurrer to the petition, or by motion to dismiss in the nature of a demurrer. However, this court has, in at least three cases, other than the Wrightsman case, supra, held or adhered to the rule that where a petition in condemnation called for the appointment of commissioners to view the premises and assess the damages reasonably conforms to the provision of the Constitution and statutes, no issue was presented calling for judicial determination, and the function of the district judge in appointing commissioners is merely ministerial. French v. Ayres, 201 Okla. 494, 207 P. 2d 308; Incorporated Town of Pittsburg v. Coch-

rane, 200 Okla. 497, 197 P. 2d 287; State ex rel. Dabney, Attorney General, v. Johnson, District Judge, 122 Okla. 241, 254 P. 61.

In this case I think this court should assume original jurisdiction and determine once and for all whether a city or town has the right or power to condemn and appropriate "ground water" as defined in Title 82, S. L. 1949, page 641, et seq. The authority therefor is State ex rel. Dabney, Attorney General, v. Johnson, District Judge, supra. That was a case involving substantially the same question, where the State Highway Commission sought to condemn real property for highway purposes. Petition was filed and application was made to the district judge for the appointment of appraisers. Defendants were served with notice, as in this case, and filed their motion to dismiss. In that case the motion was sustained and the petition was dismissed. The order being as follows:

" 'And the court being well and sufficiently advised in the premises, is of the opinion that the State of Oklahoma is without power to maintain an action to condemn lands for use as a county highway, and that said motion should, therefore, be sustained.' "

Thereupon the Attorney General filed an original action in this court against Hal Johnson, the district judge, praying for a peremptory writ of mandamus. This court assumed original jurisdiction and upon full consideration of the issues this court said:

"We reach the conclusion, therefore, that where the petition calling for the appointment of commissioners reasonably conforms to the provisions of the Constitution and statutes, as it clearly did in this case, no issue is presented calling for a judicial determination and the functions of the court are merely ministerial."

Therein this court not only held that the writ should issue commanding the district judge to appoint the appraisers, but, after quoting and citing several sections of the statute, stated:

"The petition praying for the appointment of commissioners recites that the road in question is being constructed 'by aid of federal and state funds,' which, under the above quoted section of the statute, clearly gives the State Highway Commission jurisdiction over and supervision of the construction of the road in question even though it be a county road."

This court did not, in that case, wait until commissioners filed their report and until defendants had presented objections thereto, but determined the right of the State Highway Commission to condemn the property involved. From the time this court decided that case the parties all knew their rights and could proceed accordingly. So, in this case, if this court should do as it did in the Johnson case, supra, not only assume original jurisdiction and determine the right to have appraisers appointed, but also determine the right of the city of Enid to condemn the property, the parties would at once know their rights and might proceed accordingly.

Such are my views as to what should be done in this case.

I, therefore, respectfully dissent.