**O. L. BLANKENSHIP, Appellee,**

v.

**A. L. BONE and L. R. Reynolds,
Appellants.**

**No. 46960.**

Court of Appeals of Oklahoma.
Division No. 1.

Nov. 12, 1974.

Release for publication by order of
Court of Appeals, Jan. 20, 1975.

J. Woody Dixon, Marietta, Watts, Looney, Nichols, Johnson & Hayes, by Clyde J. Watts, Oklahoma City, for appellee.

Milor & Eakin, by W. Lawrence Eakin, Jr., Marietta, for appellants.

ROMANG, Judge:

This is an eminent domain proceeding in which the plaintiff filed his petition to condemn an easement by necessity under 27 O.S.1971, § 6. The appraisers (commissioners) appointed by the court filed their report on the assessment of damages on June 4, 1973. Plaintiff deposited the assessed amount with the court clerk. On June 26, 1973, defendants filed written objections to this report, apparently pursuant to 66 O.S.1971, § 5, objecting only upon the ground of inadequate compensation and incomplete description of the land in the appraisers' return and demanding a trial by jury. On June 26, 1973 the trial court approved the appraisers' return and

then by order of July 2, 1973 on motion of the plaintiff, the court, noting that the commissioners' report had been confirmed and that the plaintiff had deposited the assessed amount of the damage into court, ordered the road opened, directed the sheriff to remove all obstacles from the right of way and ordered the sheriff, together with the plaintiff and the Board of County Commissioners, to assist and see that the road remained open and was kept in a reasonable state of repair to where this plaintiff and all other persons might have a right to use same. Condemnation of a way of necessity under 27 O.S.1971, § 6 is to be accomplished in like manner as condemnation by railroad companies and the order of July 2, 1973 apparently was entered under the authority of 66 O.S.1971, § 56 which provides in part:

> "Either party aggrieved may appeal from the decision of the district court to the Supreme Court; but such review or appeal shall not delay the prosecution of the work on such railroad over the premises in question if such corporation shall first have paid to the owner of said real property, or deposited with the said clerk for said owner, the amount so assessed by said commissioners or district court; . . ."

On July 30, 1973, substantially more than thirty days after the filing of the appraisers' (commissioners') report, the defendants moved to vacate the order of July 2, 1973 and in this motion for the first time objected that it was unconstitutional to take the property for private use. The trial court overruled this motion to vacate and the defendants appealed from this ruling claiming error in taking the property without an evidentiary hearing (which was not stated in the motion to vacate) and upon the ground (which was stated in the motion) that such private taking of private property for private use is violative of the United States and Oklahoma Constitutions. Plaintiff-Appellee moved to dismiss the appeal for want of an appealable judgment

which was overruled without prejudice to renewal on the final hearing.

A final order is appealable. 66 O.S.1971, § 56; 12 O.S.1971, § 952(b) 1. So also is the denial of a motion to vacate a final judgment. 12 O.S.1971, § 952(b) 2. Defendants say that the Supreme Court of Oklahoma held in Town of Ames v. Wybrant, 203 Okl. 307, 220 P.2d 693 (1950) that the decision of the district court in condemnation proceedings adjudicating the question of the right to condemn is a final order from which an appeal will lie. We agree. Defendants conclude that the denial of a motion to vacate such an order must also be appealable as provided in 12 O.S.1971, § 952(b) 2. We agree. However in a strict sense neither the July 2nd order giving the plaintiff occupation of the property nor the denial of the motion to vacate that order, challenging the plaintiff's right of condemnation on constitutional grounds, constitutes an adjudication of the plaintiff's right to condemn the property in the sense those words were used in the Wybrant case, supra. There the Oklahoma Supreme Court was referring to the final determination of plaintiff's right after a trial on the facts. However in this case, for reasons we will explain later, there will never be such a trial except on the question of the amount of the damages.

The defendants have attempted to challenge the plaintiff's right of condemnation in a limited way in their motion to vacate the occupation order by challenging the constitutionality of that right and this motion has been overruled. To this extent there has been a final adjudication of this aspect of the plaintiff's right of condemnation and there will be no other adjudication on this question under the peculiar facts of this case. We therefore consider on its merits the order refusing to vacate the July 2nd order.

We find that the defendants have waived any constitutional or other challenge to the plaintiff's right of condemna-

tion by failing to include any such objections within thirty days in the written exceptions to the commissioners' report. It will be remembered that the only objections to the report were to the inadequacy of the damages and the incompleteness of the description of the property in the return. Those objections were, and are, preserved for trial which is still to be held in this case. Other objections were, and are, waived.

■ 66 O.S.1971, § 55 provides in part: "(A) The report of the commissioners may be reviewed by the district court, on written exceptions filed by either party, in the clerk's office within thirty (30) days after the filing of such report; . . . " The Oklahoma Supreme Court has recognized that the proper time and way to challenge the right to condemn is by written exception to the report of the commissioners under the above statute. Town of Ames v. Wybrant, supra. Failure to object to the report of the commissioners on this ground constitutes a waiver of the right to a hearing on the necessity of the taking. Bd. of County Com'rs, Creek County v. Casteel, 522 P.2d 608 (Okl.1974). Consequently any challenge of the right to condemn on constitutional grounds came too late in the motion to vacate the order of July 2, 1973 which gave the plaintiff the right to occupy the property. If the defendants had raised the objection properly, there would have been a right to a hearing on all aspects of the plaintiff's right of condemnation. Having failed to object in the manner which would have entitled them to a hearing they are in no position to claim that failure to hold a hearing before the property is taken is unconstitutional. Bd. of County Com'rs, Creek County v. Casteel, supra. Cf. Wrightsman v. Southwestern Natural Gas Co., 173 Okl. 75, 46 P.2d 925 (1935), as cited in Town of Ames v. Wybrant, 220 P.2d at 695.

We also note that there is no merit in the defendants' claim that it is unconstitutional for a private individual to be allowed to condemn a way of necessity.

Meyer v. Colorado Cent. Coal Co., 39 Wyo. 355, 271 P. 212 (1928), rehearing denied, 39 Wyo. 355, 274 P. 1074 (1929); State ex rel. Mountain Timber Co. v. Superior Court, 77 Wash. 585, 137 P. 994 (1914).

Affirmed.

BOX, P. J., concurs.