**WESTERN FARMERS ELECTRIC COOPERATIVE, Appellee,**

v.

**Harold R. WILLARD, Verla J. Willard, Lymon W. Edwards and Margaret J. Edwards, Appellants.**

**No. 63082.**

Court of Appeals of Oklahoma, Division No. 3.

April 8, 1986.

Rehearing Denied May 6, 1986.

Certiorari Denied Sept. 23, 1986.

**362**

Young and Young, Sapulpa, for appellants.

Joe Stamper, Antlers, for appellee.

**1.** Also see *Blankenship v. Bone,* 530 P.2d 578 (Okla.App.1974).

**2.** *Delhi Gas Pipeline Corporation v. Swanson,* 520 P.2d 670 (Okla.1974).

HANSEN, Judge:

Appellants, (Landowners) in this condemnation action, appeal from an order of the trial court overruling their exceptions to the report of the commissioners appointed to appraise their land condemned by Appellee Electric Cooperative for an easement to construct power lines.

Landowners based their objections on the right of Appellee to exercise the powers of eminent domain. This quasi final order of the trial court has been held to be appealable under 66 O.S.1981 § 56 and in *Town of Ames v. Wybrant,* 203 Okl. 307, 220 P.2d 693 (1950)[1].

Landowners correctly brought the questions concerning Appellee's right to condemn to the attention of the trial court by objecting to the report of the commissioners. The trial court's ruling upon these objections is an appealable order.[2] However, we find Landowners' objections to be without merit and affirm.

Appellee is an electric cooperative authorized to exercise the power of eminent domain by 18 O.S. 1981 § 437.2(*o*).[3] It sought to purchase an easement over Landowners' property to construct an electrical transmission line. Attempted negotiations for the purchase were met with strong resistance from Landowners. As a result Appellee filed the present condemnation action in April of 1981.

Appellee's petition alleged the necessity of the taking and asked the court to appoint commissioners. Landowners filed an answer and cross-petition claiming, inter alia, Appellee did not make a diligent effort in good faith to purchase the easement, that it did not comply with the requirements of 27 O.S.1981 § 13, that it improperly entered the property for surveying purposes, that it was attempting to take more property than necessary, and that no written appraisal was furnished to them.

**3.** *McCrady v. Western Farmers Electric Cooperative,* 323 P.2d 356 (Okla.1958).

The trial court appointed commissioners on June 22, 1981. They returned their report setting damages at $5,250.00. Appellee's final offer to Landowners had been $4,625.00. Appellee asked for a jury trial and at some point thereafter paid the $5,250.00 into court and began construction of the power lines.

Landowners filed exceptions to the report of commissioners incorporating the above allegations of their cross-petition. Their objections were further predicated on the lack of the right of eminent domain of Appellees, arguing compliance with 27 O.S. 1981 § 13 and 63 O.S. 1981 §§ 1085–1099 is a condition precedent to that right. They further alleged that because Appellee took possession without that right, they were entitled to $317,462.00 actual and $3,000,-000.00 punitive damages. They later also demanded trial by jury.

It was not until early 1984 that hearing on the exceptions was held. After taking the matter under advisement and submitting the record to another judge for decision, the trial court issued its order denying Landowners' exceptions. This appeal resulted.

■ The only issue properly appealable at this time is the issue of Appellee's right to condemn. There is no doubt under our statutes and case law that Appellee has the authority of eminent domain. Any objections to the necessity of a taking must be raised by objections to the commissioners' report.[4] Appellants' objections to the report of commissioners did not raise the issue of lack of necessity for the power lines. Thus this issue is waived.

■ Appellee alleged the necessity of the taking in its petition. A simple allegation of such necessity is sufficient. The condemnors' decision as to the necessity

for the taking of particular property will not be disturbed in the absence of fraud, bad faith or abuse of discretion.[5]

■ While it has been held that a bona fide effort to purchase property sought to be condemned is a jurisdictional prerequisite to a condemnation action,[6] the record reveals adequate evidence of attempts by Appellee to purchase the easement.

■ On appeal Landowners attempt to convince us that because Appellee receives federal funds[7] it is required, as a condition precedent to exercising its rights of eminent domain, to comply with 27 O.S.1981 § 13.[8] Much of Landowners' testimony at the hearing addressed this issue. However, Landowners seem to be unaware that this statute is a statement of policy only. 27 O.S. § 15 specifically provides as such. This section states:

"The provisions of (§ 13) create no rights or liabilities and shall not affect the validity of any property acquisitions by purchase or condemnation."

Consequently the trial court was correct in denying Landowners' objections based on Appellee's alleged failure to comply with Section 13. Landowners' argument Appellee did not have the right to condemn because of failure to comply with 63 O.S.1981 §§ 1085–1099 is inutile. That act applies to relocation payments to displaced persons. Landowners make no allegations they were forced to vacate their property for the easement. This act is inapplicable.

■ The trial court in its order found punitive damages were not properly within the realm of the condemnation proceedings. This is a correct assessment. In *Allen v. Transok Pipeline Company*, 552 P.2d 375 (Okla.1976), the Supreme Court held a landowner had a separate and distinct cause of

---

4. *Board of County Commissioners of Creek County v. Casteel,* 522 P.2d 608 (Okla.1974).

5. *Seba v. Independent School District #3 of Dewey County,* 208 Okl. 83, 253 P.2d 559 (1953).

6. *Koch v. Oklahoma Turnpike Authority,* 208 Okl. 556, 257 P.2d 790 (1953).

7. 27 O.S. 1981 § 9 states the act applies to acquisition of property for public use "in any project or program in which federal, state or local funds are used." Landowners alleged Appellee obtained a federal loan to build the project.

8. Section 13 lists nine separate "policies" that a condemnor must follow.

action in trespass for damages and for punitive damages. If a landowner elects to sue in tort, a company with eminent domain authority can cross-petition for condemnation and the two causes of action may be tried in the same case. This holding was modified somewhat by *Young v. Seaway Pipeline, Inc.*, 576 P.2d 1148 (Okla.1978). That decision held if a petition has already been filed in a condemnation proceedings, a landowner is limited to the assertion of his alleged damages resulting from trespass in the condemnation proceedings. In such a condemnation action a jury may assess only those damages incident to the construction and operation of the utility for which the land is taken. Injury due to wilful or negligent construction or operation is not such a remedy as is given by statutes relating to eminent domain. Those damages, including allegations of a right to punitive damages, must be tried in a separate action.[9]

Landowners apparently tried to initiate a separate action for trespass by their answer and cross-petition. However only three pleadings are authorized by statute in a condemnation proceedings, petition, demand for jury trial, and objection to report of commissioners. Condemnation proceedings are special proceedings and must be carried out in accordance with Legislatively prescribed procedure. 66 O.S.1981 §§ 53, 55.[10]

Landowners complain their right to due process was violated by their property being seized by Appellee prior to a jury's setting the amount of damages. The question of whether Appellee had the right pursuant to its Legislative grant of power to enter Landowners' property prior to its filing a condemnation proceeding for the purpose of conducting a preliminary survey, has been answered by the Supreme Court in *Root v. Kamo Electric Cooperative, Inc.*, 699 P.2d 1083 (Okla.1985) in the af-

firmative. Appellee's authority under 66 O.S. 1981 § 51 precedes the initiation of the action so that the commissioners may know the extent, quantities and boundaries of the interest desired. Otherwise the right of eminent domain would be virtually useless. This is not to say Appellee would not be liable for any damages resulting from such entry. However Appellee was not a trespasser when it entered to survey. Thus damages must be assessed on the basis the entry was authorized under Appellee's power of eminent domain. Appellee paid the commissioners' award in court and was entitled to commence construction. If Landowners were damaged by the entry of surveyors prior to payment, then this is an element of damages to be heard by the condemnation jury. In addition any damage to timber adjacent to the easement is an element of damages.

We make no ruling as to the separate cause of action alleged by Appellants in their cross-petition. The trial court has not made a ruling on any action in trespass. The remedy for an injury to the land which injury is not a necessary incident to the construction and operation of the public service for which the land is taken, but is due to wilful or negligent construction or operation, is not such remedy as is given by the statutes relating to eminent domain.[11] That is a separate proceeding, the merits of which are not before us today.

The trial court's ruling that Appellee had the right to condemn Appellants' property for an easement of public necessity to construct power lines is AFFIRMED.

HOWARD, P.J., and HUNTER, J., concur.

---

9. *Oklahoma Gas & Electric Co. v. Miller Bros. 101 Ranch Trust,* 173 Okl. 101, 46 P.2d 570 (1935).

10. *Board of County Commissioner of Creek County v. Casteel,* supra n. 4.

11. *Oklahoma Gas & Electric Company v. Miller Bros. 101 Ranch Trust,* supra n. 9.; See also *Cox Enterprises, LTD v. Phillips Petroleum Co.,* 550 P.2d 1324 (Okla.1976).