Curtis LAMBERT, Appellee,

v.

The TOWN OF STRINGTOWN, Oklahoma, the Stringtown Public Works Authority, Les Thompson, Sunny Richards, and Randy Harris, individually and in their capacity as the Board of Trustees of the Town of Stringtown, Oklahoma, and as Trustees of the Stringtown Public Works Authority, Appellants.

No. 79508.

Supreme Court of Oklahoma.

July 14, 1992.

Eric D. Janzen, Charles D. Neal, Jr., Steidley & Neal, McAlester, for appellants.

James D. Wadley, McAlester, for appellee.

## MEMORANDUM OPINION

SUMMERS, Justice.

Defendants have been sued in state court for alleged civil rights violations under 42 U.S.C. § 1983. They sought summary judgment based on the defense of qualified immunity. The trial court overruled their motion and the defendants appealed. On our own motion we ordered defendants to show cause why the appeal should not be dismissed as seeking review of a non-final, nonappealable order.

The defendants argue in response that they are entitled to appellate review of the trial court's denial of their qualified immunity defense.[1] They recognize that an order denying a motion for summary judgment is an interlocutory adjudication that is not appealable unless it is one of the statutory exceptions such as appear at 12 O.S. 1991 §§ 952(b)(2), or 993. They urge that Section 1983 jurisprudence mandates an appealable exception under the authority of *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) and *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

The matter is controlled by *McLin v. Trimble,* 795 P.2d 1035 (Okla.1990). The defendants are correct in that qualified immunity is "effectively lost if a case is erroneously permitted to go to trial." *Wyatt v. Cole,* —— U.S. ——, 112 S.Ct. 1827, 1832, 118 L.Ed.2d 504 (1992), (quoting *Mitchell,*

---

1. The qualified immunity doctrine may be stated thus:

   "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mitchell v. Forsyth,* 472 U.S. 511, 517, 105 S.Ct. 2806 [2811] 86 L.Ed.2d 411 (1985), quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727 [2738] 73 L.Ed.2d 396 (1982).

472 U.S. at 526, 105 S.Ct. at 2815).[2] An interlocutory appeal is provided in federal court, where a different scheme governs such things. *McLin v. Trimble*, 795 P.2d at 1039; *Wyatt v. Cole*, 112 S.Ct. at 1832, 1836, (opinion by the Court and the separate concurring opinion by Justice Kennedy joined by Justice Scalia). However, in *McLin v. Trimble* we resolved that an interlocutory order denying the defense in state court was *not* appealable, and conferred no appellate jurisdiction on this Court. *Id.* 795 P.2d at 1039, 1040. We also concluded that neither the Supremacy Clause nor the Due Process Clause required Oklahoma to provide an interlocutory appeal from an order denying a qualified immunity defense. *Id.* 795 P.2d at 1039, 1040.

But in *McLin v. Trimble* we found that a civil rights defendant *was* entitled to review of an order denying him qualified immunity by a higher court prior to trial. *Id.* 795 P.2d at 1038. We further explained the form such a proceeding must take in the state courts, saying:

> A trial court order denying a claim of qualified immunity properly presented to a trial court will be reviewed on the merits of the immunity claim prior to trial by an original action in this court properly presenting the claim. *Id.* 795 P.2d at 1040. (Emphasis deleted).

In *McLin* the defendant/appellants requested an immediate appeal or, in the alternative, extraordinary relief by writ. No such alternative request appears in the present proceeding, nor is there any record before us by which to review the trial court order. (See *McLin* at 1040 where we cited the applicable Rules of the Oklahoma Supreme Court on providing this court with a record.) The District Court order appealed from is not capable of invoking our appellate cognizance. This appeal is dismissed for want of appellate jurisdiction. Our disposition does not prejudice the right of any party to seek proper review of the trial court order as per *McLin v. Trimble, supra.* See also *DeLuca v. Mountain States Financial Resources Corp.*, 827 P.2d 171 (Okla.1992).

HODGES, V.C.J., and LAVENDER, SIMMS, HARGRAVE, KAUGER and WATT, JJ., concur.

OPALA, C.J., dissents.

OPALA, Chief Justice, dissenting.

The court dismisses an appeal from denial of appellants' summary judgment quest based on a § 1983 qualified-privilege defense. Today's opinion reasons that the nisi prius order in contest is a nonfinal, interlocutory[1] order that is reviewable only in an original proceeding. The court relies on *McLin v. Trimble*,[2] an original proceeding where we followed a plurality opinion in *Mitchell v. Forsyth*[3] and afforded prejudgment review of nisi prius rejection of qualified privilege asserted by public officials in a § 1983 action.

I must recede from the court's pronouncement. I would review the nisi prius order *at once* because it is final as the disposition of a "collateral" ("off-track")[4] immunity-from-suit claim. *Mitchell* by *plurality*, and now *Wyatt v. Cole*[5] by a *clear majority*, teach that (1) the defense of qualified privilege interposes immunity from suit; (2) when immunity is denied, the

---

**2.** Whereas *Mitchell v. Forsyth* enjoyed only a four-vote plurality the *Wyatt v. Cole* decision has six justices concurring.

**1.** An interlocutory decision is one made in advance of judgment. It is not appealable unless it (a) falls within a class of interlocutory orders appealable by right or (b) is certified by the trial court for immediate review as one that affects a substantial part of the merits of the controversy. *See* 12 O.S.1991 § 952(b)(3) and Part II(A), Rules of Appellate Procedure in Civil Cases, 12 O.S.1991 Ch. 15, App. 2.

**2.** Okl., 795 P.2d 1035 (1990).

**3.** 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), a plurality opinion by White, J., in which Burger, C.J., and Blackmun and O'Connor, JJ., joined.

**4.** In this dissent the words "collateral" and "off-track" are used as synonyms for issues ancillary to the § 1983 action's "mainstream" or to its "on-track" parts.

**5.** — U.S. ——, 112 S.Ct. 1827, 1832, 118 L.Ed.2d 504 (1992).

collateral issue that is *dispositive of the lawsuit* culminates in immunity's rejection; and (3) the rejected immunity-from-suit plea is at once appealable as a collateral order. I would, as the Court has done in *Mitchell* and *Wyatt,* apply the collateral-order doctrine to denials of qualified immunity and make that category of orders appealable. The decision tendered in this case *meets all the criteria of a collateral order.* The trial court's disposition of the defendants' plea deprives them of claimed immunity from suit.

## I

### THE OFF–TRACK PLEA FOR QUALIFIED IMMUNITY RESULTED IN A FINAL, APPEALABLE ORDER

An order denying a claim of qualified immunity under § 1983 falls within the federal "collateral-order" class.[6] The doctrine governing this class of decisions permits midstream appeals from certain orders that do not terminate a federal-court action.[7] Its origin is found in the United States Supreme Court's expansive interpretation of the finality requirement in 28 U.S.C.A. § 1291.[8] Within this rather small class of at-once appealable off-track orders are those which (1) *finally decide claims separable from the mainstream action,* (2) are too important to be denied immediate appellate review and (3) are too independent of the main action to require an appellate court to defer consideration until the litigation's completion.[9]

### Qualified Immunity

The mainstream of a § 1983 action is a violation of the plaintiff's civil rights. Under the *Mitchell* and *Wyatt* collateral-order rubric, public officials who interpose qualified immunity as a bar to a § 1983 action and meet with an adverse ruling may at once secure appellate review. By pressing a qualified-immunity plea—i.e., a right not to be haled into court—a defendant litigates an issue quite apart from the action's mainstream. A collateral order disposing of that sidetrack issue is final. This is so because it carries the independent (side-

6. "Collateral orders" in the federal-law sense are appealable as final decisions without regard to the mainstream litigation's posture. To fit within this class an order must dispose of a claimed right that is not an essential ingredient of the main cause and can be considered separately from it. *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546–547, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949). A similar paraphrasing of the *Cohen* tests was provided in *Abney v. U.S.,* 431 U.S. 651, 659–661, 97 S.Ct. 2034, 2040–2041, 52 L.Ed.2d 651 (1977), where criminal defendants were allowed to appeal from denial of a motion to dismiss the indictment on double jeopardy grounds, *see infra* note 11.

7. *Cohen v. Beneficial Industrial Loan Corp., supra* note 6, 337 U.S. at 546–547, 69 S.Ct. at 1226. A classic example of the collateral order is afforded by Rule 11 sanctions. *See* Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.A. A Rule 11 order is like the imposition of costs, attorney's fees and contempt punishment. It is *dehors* the merits of an action; it decides a collateral issue. The proceeding focuses on abuse of judicial process, and, if one be found, on an appropriate sanction. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359, 376 (1990). Collateral-order review is particularly appropriate when the sanction is against a *non-party* who should not be expected to wait for appellate relief until the litigation's termination. *See DeSisto College, Inc. v. Line,* 888 F.2d 755, 762 (11th Cir.1989); *see also Riverhead Sav. Bank v. National Mortg. Equity Corp.,* 893 F.2d 1109, 1114 (9th Cir.1990).

8. The pertinent terms of 28 U.S.C.A. § 1291 are:
   "The courts of appeals ... shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States ... except where a direct review may be had in the Supreme Court...." [Emphasis mine.]
   The collateral-order doctrine is an "exception to the final judgment rule." It rests on the premise that a "'final decision' for purposes of § 1291" need not always be an action-terminating judgment. *Abney v. United States, supra* note 6 431 U.S. at 658–659, 97 S.Ct. at 2039–2040; *Mitchell v. Forsyth, supra* note 3, 472 U.S. at 524, 105 S.Ct. at 2814.

9. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457–2458, 57 L.Ed.2d 351 (1978), where the oft-quoted three-part formula for the collateral-order doctrine was formulated; *Mitchell v. Forsyth, supra* note 3, 472 U.S. at 524–525, 105 S.Ct. at 2814; *Cohen v. Beneficial Industrial Loan Corp., supra* note 6, 337 U.S. at 546, 69 S.Ct. at 1225. *See also Rodriguez v. Banco Cent.,* 790 F.2d 172, 177 (1st Cir.1986), where appeals in this class are held to rest upon "separability, finality, urgency, and importance."

track) contest to termination.[10] Immunity from suit is lost if a case is erroneously permitted to go forward and allow the plaintiff to hale the immune defendant into court.

The qualified-immunity-from-suit doctrine is analogous to (a) constitutional immunity from being placed more than once in jeopardy [11] and (b) immunity from loss of land to one without the power of eminent domain.[12] The very reasoning that underlies the immediate appealability of collateral orders in this category of cases—i.e., orders denying a plea of former jeopardy and challenges to invoked condemnation power—is applicable here to make the qualified-immunity denial a final, appealable order.

### Former Jeopardy

A criminal defendant is protected by the 5th Amendment's Double Jeopardy Clause [13] from being placed more than once in jeopardy. In his plea a prisoner need only prove that he was formerly in jeopardy. Denial of a former jeopardy claim invokes the collateral-order doctrine because the *plea is collateral to the prosecution's determination of guilt or innocence and shifts judicial attention from the present prosecution to the former case.*[14] The denial of a prisoner's claim not to stand trial on former jeopardy grounds is appealable because *the right not to be haled into court cannot be effectively vindicated after the trial has taken place.*

### Condemnation Proceedings

The collateral-order doctrine is *already* imbedded *sub silentio* in our final order jurisprudence.[15] In condemnation proceedings the mainstream issue is the value of the land. In *Town of Ames v. Wybrant* [16] the landowner sidetracked the mainstream issue by challenging the condemnor's power of eminent domain. There, we held that the right to condemn is the law's prerequisite for the taking of possession of the land

**10.** *Mitchell v. Forsyth, supra* note 3, recognized that the collateral-order doctrine requires that the ruling " 'conclusively determine the disputed question.' " It found that denial of motions to dismiss and for summary judgment "easily satisfied" this requirement. As for the requirement that a collateral order involve a claim separable from the rights asserted in the action, the Court explains that the immunity defense "is conceptually distinct from the merits of the plaintiff's claim." *Mitchell,* 472 U.S. at 527, 105 S.Ct. at 2816.

**11.** *See Abney v. U.S., supra* note 6. *See also* the *Mitchell* plurality opinion, *supra* note 3, 472 U.S. at 528–529, 105 S.Ct. at 2816–2817, as well as the concurring in part opinion by O'Connor, J., 472 U.S. at 537, 105 S.Ct. at 2821. "This entitlement [a public official's right to avoid trial] is analogous to the right to avoid trial protected by absolute immunity or by the Double Jeopardy Clause. Where the district court rejects claims that official immunity or double jeopardy preclude trial, the special nature of the asserted right justifies immediate review. The very purpose of such immunities is to protect the defendant from the burdens of trial, and the rights will be irretrievably lost if its denial is not immediately appealable." *Id.,* 472 U.S. at 537, 105 S.Ct. at 2821 (O'Connor, J., concurring in part).

**12.** *Town of Ames v. Wybrant,* 203 Okl. 307, 220 P.2d 693, 696 (1950).

**13.** The pertinent terms of the 5th Amend., U.S. Const., are:

"No person shall ... be twice put in jeopardy of life or limb...."

**14.** In *Abney v. U.S., supra* note 6, the Court held that denial of a pretrial motion to dismiss on double jeopardy grounds is appealable. The Court found that all requirements of the collateral-order doctrine were satisfied: (a) the double jeopardy claim is separable from the issue on the merits, (b) there must be a fully consummated decision by the trial court on the double jeopardy claim, (c) and an immediate appeal is the only means to preserve the double jeopardy right, which is intended to protect against the financial and emotional burdens of trial as well as the risk of conviction. The *Abney* principle was held to support the appealability of an order that denied dismissal of an indictment against a former member of Congress who interposed immunity under the Speech or Debate Clause. *See Helstoski v. Meanor,* 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979).

**15.** *Town of Ames v. Wybrant, supra* note 12.

**16.** *Town of Ames v. Wybrant, supra* note 12, 220 P.2d at 695, holds that " 'denial of a tribunal in which to test the right to condemn prior to possession would be a denial of equal protection of the laws,' " quoting *Wrightsman v. Southwestern Natural Gas Co.,* 173 Okl. 75, 46 P.2d 925, 929 (1935).

by the power of eminent domain. The denial of the landowner's challenge to the condemnation power disposes of a collateral issue. It is hence appealable as a final collateral order. An appeal at the end of the proceeding would be an ineffective remedy because (a) the condemnor would be allowed to proceed and take the land and (b) the landowner would be subjected to both the loss of property and the expense of trial. These consequences, like those that attach to the denial of qualified immunity or of a former jeopardy plea, are much too dire.

## SUMMARY

It is as critical to protect a public official from being haled into court when he has immunity from suit as it is to protect a landowner's freedom from condemnation by one without power to take. Equally unconscionable is to subject a defendant to trial if jeopardy had formerly attached. The very essence of these immunities is to shield the defendant from the burdens of litigation. The right will be irretrievably lost if its denial is not immediately appealable.

An appeal from denial of qualified-immunity defense interposed in a § 1983 action is required *as a matter of substantive federal law.*[17] Our own jurisprudence has implicitly recognized the federal-law collateral-order doctrine.[18]

I would not today dismiss this appeal but would rather keep it here and allow it to proceed under the collateral-order doctrine. The course chosen by the court's opinion— that of providing corrective relief by original actions invoking our writ power—would not assure *consistent* and *orderly process* uniformly extending the remedy of appellate review *to all like or similarly situated public officials.*

---

**17.** *Mitchell v. Forsyth, supra* note 3; *Wyatt v. Cole, supra* note 5.

