241 P.3d 273 (2010)
2010 OK CIV APP 107
STATE of Oklahoma, ex rel. DEPARTMENT OF TRANSPORTATION, Plaintiff/Appellee,
v.
Hazel Lorraine EVANS, Defendant/Appellant, and
The Rogers County Treasurer, Defendant.
No. 106,733. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 1.
Court of Civil Appeals of Oklahoma, Division No. 1.
March 25, 2010.
Rehearing Denied April 23, 2010.
Certiorari Denied October 4, 2010.
*274 Kelly F. Monaghan, Lori Gilliard, John M. Folks, Holloway & Monaghan, Tulsa, OK, for Plaintiff/Appellee.
K. Ellis Ritchie, Ryan M. Roberts, David F. DuVall, K. Ellis Ritchie, P.C., Pryor, OK, for Defendant/Appellant.
KENNETH L. BUETTNER, Presiding Judge.
¶ 1 Plaintiff/Appellee, the Oklahoma Department of Transportation (ODOT), filed a petition June 17, 2005, to acquire a portion of Defendant/Appellant Hazel Lorraine Evans' (Evans or Landowner) property, through eminent domain for the purpose of improvement and expansion of Highway 20 in Rogers County. Evans filed an exception to the Commissioners' Report on the grounds that it was in derogation of 27 O.S.2001 § 13(9). The overarching question before the trial court, and on review is whether, in an eminent *275 domain proceeding, the landowner may except to the commissioners' report and force the State to find a parcel of the land in question to be an uneconomic remnant pursuant to 27 O.S.2001 § 13(9). We hold that § 13(9) is an expression of policy directed to the condemning authority concerning uneconomic remnants which is unenforceable by a private party. The trial court did not abuse its discretion when it denied Defendant/Evan's exception and we therefore affirm.
¶ 2 Evans' property consists of 4.30 acres on the south side of Highway 20. She has a home on the property, a barn, and a gravel driveway. According to ODOT's Brief-in-Chief, it acquired .47 acre in fee simple, a .03 acre perpetual utility easement, and a .03 acre temporary easement. Evans' Brief-in-Chief alleges the taking to be 105.10 feet in total from the right-of-way line, consisting of 70.8 feet in fee and 5 feet in easement, resulting in a setback, nonconforming to zoning requirements. Evans based her exception to the Commissioners' Report on this allegation: that ODOT abused its discretion when it failed to declare the remainder of her property to be an uneconomic remnant. She claims ODOT should have been required to acquire her home and provide her with relocation assistance.[1]
¶ 3 Title 27 O.S.2001 § 13 Policies states:
Any person, acquiring agency or other entity acquiring real property for any public project or program described in Section 9 of this title shall comply with the following policies:
* * *
9. If the acquisition of only part of the property would leave its owner with an uneconomic remnant, an offer to acquire that remnant shall be made. For the purposes of this section, an uneconomic remnant is a parcel of real property in which the owner is left with an interest after the partial acquisition of the property of the owner which has little or no value or utility to the owner.
¶ 4 Section 15 of Title 27 is apposite to Section 13, and describes the circumscription of landowners: "The provisions of Section 5 [Title 27, § 13] create no rights or liabilities and shall not affect the validity of any property acquisitions by purchase or condemnation." In Western Farmers Electric Cooperative v. Willard, 1986 OK CIV APP 5, 726 P.2d 361, this Court held that the trial court was correct in denying landowners' objections based on the condemning authority's failure to comply with § 13 because it is a statement of policy only.
¶ 5 Eminent domain proceedings are "... special statutory proceedings and are to be carried out in accordance with the specific procedures prescribed by the Legislature." State ex rel. Department of Transportation v. Kelly, 2007 OK CIV APP 25, ¶ 13, 156 P.3d 734, 738. "Once sworn, the commissioners are obligated to `inspect the real property and consider the injury which the owners may sustain by reason of the condemnation, and ... assess the just compensation to which the owner is entitled; ... reporting in writing to the clerk of the court, setting for the quantity, boundaries and just compensation for the property taken. 69 O.S.Supp. § 1203(c).'" Id. In the Kelly case, the landowners sought replacement housing payments. The Court of Civil Appeals held that those payments were not recoverable as direct or consequential harm caused to property taken (just compensation) pursuant to our statutory scheme.
¶ 6 In general, there is no "cause of action" in eminent domain proceedings. "The presence of a civil wrong is a critical identifying characteristic of a `cause of action' since `causes of action' are to remedy civil wrongs which are threatened or committed." City of Tahlequah v. Lake Region Electric, Cooperative, Inc., 2002 OK 2, ¶ 8, 47 P.3d 467, 471. "Condemnation proceedings do not involve a tort and are not civil actions at law *276 or suits in equity." Id. at ¶ 8, p. 471. Landowner cannot force ODOT to re-evaluate its taking through the use of § 13(9).
¶ 7 The Commissioners returned a damages report to the Evans property in the total amount of $98,000. Evans timely demanded a jury trial. The parties dispute the point of measuring the takingeither from the home's foundation or the front porch, a fact question to be argued to the jury. Evans has the opportunity to prove her home worthless because of zoning violations at a jury trial. However, § 13(9) does not provide a mechanism for a landowner to challenge ODOT's determination that the remaining property is an "uneconomic remnant."[2]
¶ 8 With respect to Evans' challenge to ODOT's abuse of discretion vis-à-vis § 13(9), we find State ex rel. Board of Regents v. McCloskey Brothers, Inc., 2009 OK 90, 227 P.3d 133, to be helpful. In this condemnation action, the landowners challenged the composition of the board of regents, which was best described as a collateral question to the issue of the condemnation action. The Oklahoma Supreme Court stated "... we explained that ordinarily it is no justiciable concern of private individuals that these public subdivisions and organizations of the state may have some infirmity in their organization, nor do such individuals have a right to equitable relief to void an election organizing a school district." Id. at ¶ 21, p. 146.
¶ 9 There is no right for an individual, even a party to a condemnation action, to attempt to force the condemning authority to do, or refrain from doing anything, through the policies expressed in 27 O.S.2001 § 13(9). There is no "cause of action" and no remedy available through that statute. ODOT must follow the law and must follow its agency rules and procedures. However, a landowner has no private right of action for what she believes is ODOT's failure to follow the mandates of § 13(9).
¶ 10 The order of the trial court is affirmed and the matter remanded for further proceedings.
HETHERINGTON, J., concurs, and HANSEN, J., concurs in result.
NOTES
[1] The exception hearing was consolidated with the cases of five other property owners: State of Oklahoma, ex rel. Department of Transportation, Plaintiff, v. Michael J. Putze, et al., CJ-2005-323, and v. Rose Ann McCaw, n/k/a Rose Ann McCaw-Ransom, et al., CJ-2005-324, and v. Darren M. Crauthers, et al., CJ-2005-366, and v. Mark A. Colley, et al., CJ-2005-367, and Sharon L. Cox, f/k/a Sharon L. McDonald, et al., CJ-205-383.
[2] In this case, the trial court, in a well-reasoned order, found that the remaining property included a one story frame home with brick veneer, a metal barn, a driveway, utilities, and access to public roadways.